**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROSE HANSEN, individually, and on behalf of all others similarly situated, | Civil Action No.: 1:08-cv-5320-NRB |
| Plaintiff, | |
| v. | |
| WACHOVIA CORPORATION, ET AL., | |
| Defendants. | |
| TODD A. WRIGHT, Individually and on behalf of all others similarly situated, | Civil Action No.: 1:08-cv-5324-DC |
| Plaintiff, | |
| v. | |
| WACHOVIA CORP., ET AL., | |
| Defendants. | |
| DENISE A. TUTTLE, on behalf of herself and all others similarly situated, | Civil Action No.: 1:08-cv-5578-DC |
| Plaintiff, | |
| v. | |
| WACHOVIA CORPORATION, ET AL., | |
| Defendants. | |

| | |
|---|---|
| ROBERT M. COMINSKY, ET AL., Individually and on behalf of the Wachovia Savings Plan and all others similarly situated, | Civil Action No.: 1:08-cv-5990-UA |
| Plaintiffs, | |
| v. | |
| WACHOVIA CORPORATION, ET AL., | |
| Defendants. | |
| JASON T. WILLARD, On Behalf of Himself And All Others Similarly Situated, | Civil Action No.: 1:08-cv-6196-UA |
| Plaintiff, | |
| vs. | |
| WACHOVIA CORPORATION, ET AL., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF JASON WILLARD'S MOTION TO CONSOLIDATE ERISA CASES, TO APPOINT WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP AS INTERIM CLASS COUNSEL <u>AND FOR ENTRY OF PRETRIAL ORDER NO. 1</u>**

Plaintiff Jason Willard ("Plaintiff") respectfully submits this memorandum of law in support of his motion to consolidate ERISA cases, for the appointment of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as interim class counsel and for entry of Pretrial Order No. 1.

## I.  INTRODUCTION

On July 8, 2008, Plaintiff Willard, by and through his counsel, filed this action[1] against Wachovia Corporation ("Wachovia" or the "Company") and certain Wachovia employees, (collectively, "Defendants").  To date, four other similar actions have been filed in this District alleging similar breaches against some or all of the same defendants.[2]  There appears to have been little or no litigation activity in any of the four first-filed actions.

The five related proposed class actions (the "ERISA Actions") are substantially similar and each alleges that Defendants breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), § 502(a), 29 U.S.C. § 1132(a) in connection with the continued offering of Wachovia stock as an investment option in the Wachovia Savings Plan (the "Plan") despite the fact that the Defendant-fiduciaries knew Wachovia stock to be an imprudent investment alternative.  Plaintiff seeks relief pursuant to §§ 409 and 502 of ERISA, 29 U.S.C. §§ 1109, 1132, on behalf the Plan and a proposed class of all Plan participants who sustained losses to their retirement accounts.

---

[1] *Willard v. Wachovia Corporation, et al.*, C.A. No. 1:08-cv-06196-UA.

[2] *Hansen v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-5320-NRB; *Wright v. Wachovia Corp. et al.*, Civil Action No.: 1:08-cv-05324-DC; *Tuttle v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-5578-DC; *Cominsky, et al., v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-05990-UA.

Because the ERISA actions are based on substantially the same facts and contain similar causes of action against overlapping Defendants, Plaintiff seeks an Order consolidating the ERISA actions and appointing an interim leadership structure for the consolidated ERISA cases in accordance with the *Manual for Complex Litigation* (4th ed. 2004) (the "*Manual*") and FED. R. CIV. P. 23(g).

## II.  ARGUMENT

### A.      The Related ERISA Cases Should Be Consolidated

Consolidation of these actions along with any subsequent related ERISA actions filed in or removed or transferred to this district will avoid costly and unnecessary duplication of effort and waste of judicial and party resources.  All five of the ERISA Actions make nearly identical factual allegations, assert nearly identical claims, and seek substantially the same relief.  It is possible that additional actions may be filed asserting the same claims on the basis of the same facts.  Because the actions are nearly identical, and since additional actions containing similar allegations and seeking the same relief on behalf of an identical class may be filed, Federal Rule of Civil Procedure 23(g)(2)(A) and the *Manual for Complex Litigation* (4th ed. 2004) (the "*Manual*") provide that the Court should enter an Order setting forth procedures for the management of these cases and appointing a leadership structure for plaintiffs' counsel.

If additional ERISA actions are later filed in, or removed, or transferred to this Court, this Court should provide for the consolidation of those actions along with consolidation of the two pending ERISA actions because of the similarities and the confluence of interests and issues that would exist in those related ERISA actions and the efficiencies that would be realized through consolidation.

Consolidation of actions in federal courts is governed by Fed R. Civ. P. 42(a), which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Consolidation under Fed. R. Civ. P. 42(a) is proper when actions involve common questions of law and fact. *See, e.g.*, *Mayo v. Apropos Tech., Inc.*, No. 01 C 8406, 2002 U.S. Dist. LEXIS 1924, at *6 (N.D. Ill. Feb. 7, 2002); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *see also, generally, Manual for Complex Litigation* (4th ed.) (Federal Judicial Center 2004) at §§ 11.631, 20.11. Accordingly, consolidation of related complex litigations, including class actions, is commonplace. 9 Charles Wright & Arthur R. Miller, *Federal Practice & Procedure*: §§ 2384-85, Civil 2d (1994); 8 James W. Moore, *Federal Practice* § 42.10[l][6] (3d ed. 1997) (noting that "actions alleging similar violations against the same defendant[s]" are "routinely" consolidated).

Consolidation is also appropriate where there are common issues of law or fact, and where the benefits of consolidation outweigh potential prejudice to the defendants. *See, e.g.*, *KPASA, LLC v. United States*, No. 04 C 109, 2004 U.S. Dist. LEXIS 8720, *7 (N.D. Ill. May 17, 2004) (related cases should be consolidated, particularly cases in the same District); *Cook v. McCarron*, No. 92 C 7042, 95 C 828, 1997 WL 47448, at *4 (N.D. Ill., Jan 30, 1997) (consolidation appropriate due to the existence of "common issues between the two cases"); *see also Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) ("so long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate") (citing *Int'l Paving Sys., Inc. v. Van-Tulco, Inc.*, 806 F. Supp. 17, 22 (E.D.N.Y. 1992)); *Johnson v. Celotex Corp.*, 899 F.2d

1281, 1284 (2d Cir. 1990) ("Rule 42(a) . . . empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay."). Circuit courts have recognized the utility of consolidation, leaving to district courts the discretion to make appropriate Fed. R. Civ. P. 42(a) orders: "[t]he trial court has broad discretion to determine whether consolidation is appropriate. In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Johnson*, 899 F.2d at 1284-85.

The first-filed of these cases, *Hansen v. Wachovia Corporation, et al*., Civil Action No.: 1:08-cv-5320-NRB, was originally designated as related to *Waldman v. Wachovia Corporation, et al.*, 08-cv-2913, an action asserting securities law claims on behalf of all persons who purchased and continue to hold auction rate securities during the period from March 19, 2003 through February 13, 2008, pending before the Hon. Shira A. Scheindlin. On July 8, 2008, Judge Scheindlin entered an order rejecting the related case designation for *Hansen*. *Hansen* has now been re-assigned to the Hon. Naomi R. Buchwald. Accordingly, Plaintiff Willard respectfully submits that all five of these related ERISA cases should be consolidated before Judge Buchwald.

Plaintiff Willard does not expect that any party will object to the consolidation of these five ERISA cases.

**B.    Wolf Haldenstein Should Be Appointed Interim Class Counsel**

This action requires strong stewardship through experienced and well-capitalized counsel. In this regard, Rule 23(g)(2)(A) authorizes the Court to "designate . . . class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." As the Committee Notes to the 2003 amendments to Rule 23 state, designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision.  The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination.  It may also be important to make or respond to motions before certification . . . . Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the class certification decision is made.

The Rule 23(g)(1)(C)(i) directs the court to appoint class counsel who will "fairly and adequately represent the interests of the class."[3]  In appointing class counsel, the Rule directs the Court to consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," including the following factors described in Rule 23(g):

    (a)    the work counsel has done in identifying or investigating potential claims in the action;

    (b)    counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

    (c)    counsel's knowledge of the applicable law; and

    (d)    the resources counsel will commit to representing the class.

Plaintiff's counsel, Wolf Haldenstein, amply satisfies the requirements of Rule 23(g)(1) for appointment as interim class counsel.

### 1.    Wolf Haldenstein Has Performed Significant Work In This Case

Wolf Haldenstein devoted considerable time and resources to independently investigate the claims asserted in this litigation.  As a result of that investigation, Wolf Haldenstein filed a complaint against Wachovia and fiduciaries of the Plans after all pertinent facts were revealed.

---

[3] When appointing interim lead counsel, it is "generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."  *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citation omitted).

The action asserts claims concerning the losses suffered by the Plan arising out of Wachovia's reckless and significant investments in mortgage-related financial products. When the mortgage and real estate markets came crashing down, Plan participants were significantly injured as a result of the devastating reduction in the value of Wachovia stock held for their retirement savings.

Wolf Haldenstein monitored the various complaints filed against Wachovia on behalf of the Plan and waited until the Company filed its annual Form 11-K with the SEC on June 30, 2008. After reviewing the annual report, Wolf Haldenstein filed Plaintiff's complaint. Furthermore, Wolf Haldenstein was the first counsel to seek to consolidate and coordinate these actions to reduce duplication of efforts and to streamline the prosecution of the actions on behalf of plaintiffs and the Plan.

### 2. Wolf Haldenstein Has Extensive Experience In ERISA and Class Action Litigation

As reflected in its firm resume, attached hereto as Exhibit A, Wolf Haldenstein is among the most experienced class action firms in the United States, having represented plaintiffs in nationwide class actions brought under ERISA and in other financially complex, large-scale litigations. The firm's resume contains a representative list of the many cases Wolf Haldenstein prosecuted as lead or primary counsel. The resume also details the results achieved in those cases and numerous published decisions from the cases in which Wolf Haldenstein served as class counsel or in a significant role.

Courts nationwide recognize Wolf Haldenstein's qualifications to serve as class counsel. *See, e.g., In re Luxottica Group, S.p.A. Sec. Litig.,* 2004 WL 2370650, at *5 (E.D.N.Y. Oct. 22, 2004) (selecting Wolf Haldenstein lead class counsel based on the firm's "experience and expertise"); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 951 (N.D. Ill. 2001) (noting that

Wolf Haldenstein's credentials "are impeccable").  Recently, in *In Re Dynamic Random Access Memory Antitrust Litigation*, MDL-02-1486 (N.D. Cal.), where the firm was co-lead counsel, Judge Hamilton stated (on August 15, 2007):

> I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention. You did an exceptionally good job at organizing and managing the case, assisting me in management of the case.  There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides.

Moreover, at the completion of a very contentious and complicated litigation, Judge Milton Shadur paid the firm a great compliment:

> It has to be said…that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary.   And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize . . . .   I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation.

In *In re Comdisco Sec. Litig.*, No. 01 C 2110 (N.D. Ill. July 14, 2005).

Apart from the accolades that the firm is very proud of, it has served as counsel in many representative actions across the country and achieved important results.  For example, Wolf Haldenstein was court-appointed lead counsel, co-lead counsel, or an executive committee member in some of the largest and most significant class action lawsuits brought across the United States, and is currently lead counsel in the following cases brought under ERISA:

- *In re Tower Automotive ERISA Litigation*, No. 05 CV 2184 (LLS) (S.D.N.Y.) (settlement approved).

- *MBNA Corp. ERISA Litigation*, C.A. No. 05-429 GMN (D. Del.).

- *In re Aon ERISA Litigation*, No. 04 C 6875 (N.D. Ill.).

- *In re Aquila, Inc. (ERISA Litigation)*, 04-865 (W.D. Mo.) (settlement approved).

- *Spiziri v. The St. Paul Travelers Companies, Inc. ERISA Litigation*, Civ. No. 04-5096 (D. Minn.) (settlement approved).

- *In re Harley Davidson, Inc. ERISA Litigation*, Case No. 05-C-00547-CNC (E.D. Wis.).

- *In re Guidant Corp. ERISA Litigation*, 1:05-cv-1009-LJM-TAB (S.D. Ind.)

- *Morgan Stanley ERISA Litigation*, Civ.: 07 Civ. 11285 (RWS).

Indeed, Wolf Haldenstein has had an active practice in federal labor relations and employee rights since the commencement of the New Deal – more than 70 years ago.  In a landmark case establishing important rights for employees, *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460 (S.D.N.Y. 1989), Wolf Haldenstein was lead counsel in the first certified class action under the Federal Plant Closing Act (WARN) and recovered $3.5 million for illegally-discharged employees.

In addition, attorneys in Wolf Haldenstein's corporate department regularly advise clients as to the development and administration of pension plans subject to ERISA.  Thus, the class will benefit from the unique depth and breadth of Wolf Haldenstein's knowledge and expertise in a number of related areas of the law.

### 3. Wolf Haldenstein Will Commit the Resources Necessary to Represent the Class

Wolf Haldenstein possesses the ability and willingness to expend the financial and human resources necessary to prosecute this litigation on behalf of the class.  Indeed, throughout the firm's long and proud history, there has never been any question that the firm could devote *millions* of dollars of resources if necessary for the prosecution a case.

Accordingly, Plaintiff respectfully asks this Court to appoint Wolf Haldenstein interim class counsel in this ERISA action and all subsequently-filed related actions and authorized to

direct and supervise the activities of the other firms that may represent plaintiffs in future related class actions.

### C.    Proposed Pretrial Order No. 1 and Preliminary Schedule

The proposed Pretrial Order No. 1 establishes orderly procedures for the captioning, filing and docketing of papers in this action and any cases that may hereafter be filed or transferred to this Court.  These procedures include the establishment of a uniform caption and master docket for the filing of documents.  Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this.  *See Manual* § 21.11.  Finally, Plaintiffs propose the following preliminary schedule for these proceedings:

(a)    Plaintiffs shall file a consolidated ERISA complaint within 45 days of the entry of proposed Pretrial Order No. 1 based, in part, on documents provided to plaintiffs pursuant to ERISA § 104 since the filing of the above captioned complaints.  The consolidated complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions which may become consolidated with the action herein. Pending filing and service of the consolidated complaint, Defendants shall have no obligation to move, answer, or otherwise respond to the complaint on file or to any actions subsequently consolidated with the complaint;

(b)    Defendants shall have 45 days from service of the consolidated complaint to answer or otherwise respond; and

(c)     In the event any of the Defendants file a motion directed at the consolidated complaint, the parties shall meet and confer regarding a briefing schedule for opposition and reply briefs.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter Plaintiff's [Proposed] Order: (1) consolidating the ERISA actions along with any subsequently filed action; (2) appointing Wolf Haldenstein as interim class counsel to act on behalf of the ERISA class plaintiffs; and (3) granting such other relief that the Court deems just and proper.

DATED:  July 10, 2008

Respectfully Submitted,

**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP**

/s/ Matthew M. Guiney
Mark C. Rifkin
Scott J. Farrell
Matthew M. Guiney
270 Madison Ave.
New York, NY 10016
Tel: (212) 545-4600
Fax:  (212) 545-4653

***Counsel for Plaintiff Jason Willard and
Proposed Interim Class Counsel***



Firm
Resume

Wolf
Haldenstein
Adler Freeman
& Herz LLP

## Wolf Haldenstein Adler Freeman & Herz LLP

Founded in 1888, Wolf Haldenstein Adler Freeman & Herz LLP is a full service law firm with practice groups in corporate/tax, pension/benefits, real estate, trusts and estates, healthcare, bankruptcy, limited partnerships, and civil and commercial litigation, with a particular specialty in complex class and shareholder litigation under both federal and state law.

Wolf Haldenstein's total practice approach, supported by the Firm's mid-range size, distinguishes the Firm from other firms. Our longstanding tradition of a close attorney/client relationship ensures that each one of our clients receives prompt, individual attention and does not become lost in an institutional bureaucracy. Our team approach is at the very heart of Wolf Haldenstein's practice. All of our lawyers are readily available to all of our clients and to each other. The result of this approach is that we provide our clients with an efficient legal team having the broad perspective, expertise and experience required for any matter at hand. We are thus able to provide our clients with cost effective and thorough counsel focused on our clients' overall goals.

The Firm has its principal office with lawyers in the various practice areas, at 270 Madison Avenue, New York, NY 10016. The Firm's general telephone number in New York is (212) 545-4600. The fax number in New York is (212) 545-4653. The Firm also has offices at Symphony Towers, 750 B Street, Suite 2770, San Diego, CA 92101, telephone: (619) 239-4599, fax: (619) 234-4599; 55 W. Monroe Street, Suite 1111, Chicago, IL 60603, telephone: (312) 984-0000, fax: (312) 984-0001; and 625 N. Flagler Drive, West Palm Beach, Florida 33401. The Firm's web site is accessible at http://www.whafh.com.

2

# The Firm

Wolf Haldenstein's Class Action Litigation Group has been recognized by courts throughout the country as being highly experienced in complex litigation, particularly with respect to securities, consumer, ERISA, and antitrust class actions and shareholder rights litigation.  The Class Action Litigation Group consists of 30 attorneys and 10 paraprofessional assistants. Brief resumes of these attorneys begin on page 13.

Also included are the resumes of attorneys from other areas of the Firm's practice who routinely lend their expertise to the Firm's class action litigators in the areas of tax, bankruptcy, corporate, trusts, labor, and ERISA law.  The ability to call upon the internal expertise of practitioners in such varied areas of the law greatly enhances the strength and efficiency of the Firm's representative litigation practice and, indeed, makes Wolf Haldenstein unique among national firms specializing in class action litigation.

The nature of the Firm's activities in representative litigation is extremely broad.  In addition to a large case load of securities fraud and other investor class actions, Wolf Haldenstein has represented classes of corn farmers in connection with the devaluation of their crops; contact lens purchasers for contact lens manufacturers' violations of the antitrust laws; merchants compelled to accept certain types of debit cards; insurance policyholders for insurance companies' deceptive sales practices; victims of unlawful strip searches under the civil rights laws; and various cases involving violations of Internet users' on-line privacy rights.

The Firm's experience in class action securities litigation, in particular public shareholder rights under state law and securities fraud claims arising under the federal securities laws and regulations, including the Private Securities Litigation Reform Act of 1995 ("PSLRA"), is particularly extensive.  The Firm was one of the lead or other primary counsel in securities class action cases that have recouped billions of dollars on behalf of investor classes, in stockholder rights class actions that have resulted in billions of dollars in increased merger consideration to shareholder classes, and in derivative litigation that has recovered billions of dollars for corporations.

Wolf
Haldenstein
Adler Freeman
& Herz LLP

Among its colleagues in the plaintiffs' securities bar, as well as among its adversaries in the defense bar, Wolf Haldenstein is known for the high ability of its attorneys, the exceptionally high quality of its written and oral advocacy on behalf of class action clients, and its pioneering efforts in difficult or unusual areas of securities or investor protection laws, including: groundbreaking claims that have been successfully brought under the Investment Company Act of 1940 regarding fiduciary responsibilities of investment companies and their advisors toward their shareholders; claims under ERISA involving fiduciary duties of ERISA trustees who are also insiders in possession of adverse information regarding their fund's primary stockholdings; the fiduciary duties of the directors of Delaware corporations in connection with change of control transactions; the early application of the fraud-on-the-market theory to claims against public accounting firms in connection with their audits of publicly traded corporations; and the application of federal securities class certification standards to state law claims often thought to be beyond the reach of class action treatment.

Wolf Haldenstein's performance in representative litigation has repeatedly received favorable judicial recognition.   The following representative judicial comments over two decades indicate the high regard in which the Firm is held:

- *In Re Dynamic Random Access Memory Antitrust Litigation*, MDL-02-1486 (N.D. Cal.) -- where the Firm was co-lead counsel, Judge Hamilton said (on August 15, 2007), "I think I can conclude on the basis with my five years with you all, watching this litigation progress and seeing it wind to a conclusion, that the results are exceptional.  The percentages, as you have outlined them, do put this [case] in one of the upper categories of results of this kind of [antitrust] class action.  I am aware of the complexity . . . I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention.  You did an exceptionally good job at organizing and managing the case, assisting me in management of the case.  There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides."

4

- *In re Comdisco Sec. Litig.,* No. 01 C 2110 (July 14, 2005) -- Judge Milton Shadur observed: "It has to be said . . . that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary.  And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize. . . . I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation."

- *In re MicroStrategy Securities Litigation*, 150 F. Supp. 2d 896, 903 (E.D. Va. 2001) -- where the Firm was a co-lead counsel, Judge Ellis commented: "Clearly, the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition they enjoy."

- *In Re Toys R Us Antitrust Litigation*, 98 MDL 1211 (NG) 191 F.R.D. 347, 351, 356 (E.D.N.Y. 2000) -- where the Firm served as co-lead and liaison counsel, Judge Gershon wrote:  "Class counsel are highly skilled and experienced and can fairly and adequately represent the interests of the class . . . . Counsel for both the class plaintiffs and the States have well-earned the compensation that they request."

- *In Yud v. Saf T Lok,* No. 98-8507-Civ-Hurley (S.D. Fla. Dec. 15, 1999) -- where the Firm was sole lead counsel, the court stated:  "The attorneys have done an outstanding amount of work and fine legal work in a short period of time to bring this class action to resolution in a successful fashion."

- *In Kurzweil v. Philip Morris Companies,* 94 Civ. 2373, 94 Civ. 2546 (MBM) (S.D.N.Y. Nov. 13, 1998) -- where the Firm was sole lead counsel, then Chief Judge Mukasey, in approving a $116.5 million settlement stated:  "In this case, this represents a lot of good, hard, serious work by a lot of talented lawyers and I appreciate it on both sides."

- *In Paramount Communications v. QVC Network Inc.*; In re Paramount Communications Inc. Shareholders' Litigation, 637 A.2d 34, 37 n.2 (Sup. Ct. Del. 1994) -- where the Firm was co-lead counsel for the Paramount shareholders, the Supreme Court of Delaware noted "its appreciation of  . . . the professionalism of counsel in this matter in handling this expedited litigation with the expertise and skill which

5

characterize Delaware proceedings of this nature."  The Court further "commended the parties for their professionalism in conducting expedited discovery, assembling and organizing the record, and preparing and presenting very helpful briefs, a joint appendix, and oral argument."

- *In re Laser Arms Corp. Securities Litigation,* 794 F. Supp. 475, 496 (S.D.N.Y. 1989) -- where the Firm was lead counsel, the Court stated "plaintiffs' counsel have demonstrated their experience in securities litigation and the Court is confident that counsel will proceed vigorously on behalf of all class and subclass members."

- *In re Public Service Co. of Indiana Derivative Litigation,* 125 F.R.D. 484, 486 (S.D. Ind. 1988) -- concerning the construction of the Marble Hill Nuclear Power Plant, where the Firm was lead counsel, the court said: "Throughout the life of this litigation, it has been both vigorously prosecuted and aggressively defended by thoroughly competent counsel on all sides."

- *In re Public Service Co. of New Hampshire Derivative Litigation,* 84-220-D (D.N.H. 1986) -- involving the construction of the Seabrook Nuclear Power Plant, where the Firm was lead counsel, the court said of plaintiffs' counsel that "the skill required and employed was of the highest caliber."

- *In re Warner Communications Securities Litigation,* 618 F. Supp. 735, 749 (S.D.N.Y. 1985) -- where the Firm served as co-lead counsel, the court noted the defendants' concession that "'plaintiffs' counsel constitute the cream of the plaintiffs' bar.'  The Court cannot find fault with that characterization."

- *In Steiner v. Equimark Corp.,* No. 81-1988 (W.D. Pa. 1983) -- a case involving complex issues concerning banking practices in which the Firm was lead counsel, then District Judge Mannsman described, in part, the work the Firm performed:

> We look at the complexity of the issue, the novelty of it, the quality of work that, as the trial judge, I am able to perceive, and then, finally, the amount of recovery obtained: I think I have certainly said a lot in that regard.  I think it's been an extraordinary

6

Wolf
Haldenstein
Adler Freeman
& Herz LLP


case.   I think it's an extraordinary settlement. Certainly defense counsel and plaintiffs' counsel as well are all experienced counsel with a tremendous amount of experience in these particular kinds of cases.   And under those circumstances . . . I think it was, really, the strategy and ingenuity of counsel in dividing up the workload and strategizing the cases as to who was to do what and what ultimately should be done to bring about the settlement that was achieved.

## Current Cases

Wolf Haldenstein is a leader in the class action litigation field and is currently the court-appointed lead counsel, co-lead counsel, or executive committee member in some of the largest and most significant class action lawsuits currently pending across the United States, including:

- *In re Initial Public Offering Securities Litigation*, 21 MC 92 (SAS) (S.D.N.Y.).

- *J.P. Morgan Chase Securities Litigation, (Blau v. Harrison)*, Civ. No. 04 C 6592 (N.D. Ill.).

- *In re Collins & Aikman Corp. Sec. Litigation,* 06-cv-13555-AJT-VMM (E.D. Mich.).

- *Lewis v. CNL Restaurant Properties,* No. 05-00083-F (Tex. Dist. Ct.).

- *In re Adelphia Communications Corp. Securities and Derivative Litigation* ("Adelphia Business Actions"), 03-ML 1529, 03 CV 5755 (LMM) (S.D.N.Y.).

- *In re Iridium Securities Litigation,* C.A. No. 99-1002 (D.D.C.).

- *In re Transkaryotic Therapies, Inc., Securities Litigation*, C.A. No. 03-10165-RWZ (D. Mass.).

- *In re Loral Space & Communications Shareholders' Securities Litigation,* 03 Civ. 8262 (JES) (S.D.N.Y.).

Wolf
Haldenstein
Adler Freeman
& Herz LLP



- *In re St. Paul Travelers Securities Litigation II,* Civ. No. 04-cv-4697 (JRT/FLN) (D. Minn.).

- *In re LNR Property Corp. Shareholder Litigation*, Consolidated C.A. No. 647-N (Del. Ch. Ct.).

- *In re Triad Hospitals, Inc. Shareholder Litigation*, Case No. 296-00435-07 (Tex. 296th Dist. Ct.).

- *Station Casinos Shareholder Litigation,* Master Case No. A 532367.

- *Swift Transportation Company Shareholder Litigation,* Case No. A519396 (Nev.).

- *In re Harrah's Entertainment Inc. Shareholder Litigation,* Consolidated Class Action No. 2453-N (Del. Ch.).

- *In re TXU Shareholder Litigation,* Consolidated Case No. 07-01707 (Tex. 44th Dist. Ct.).

- *In re EGL, Inc. Shareholder Litigation,* Cause No. 2007-00139 (Tex. 125th Dist. Ct.).

- *Clear Channel Shareholder Litigation,* Cause No. 2006-CI-17492 (Tex. 408th Dist. Ct.)

- *In re Tyson Foods, Inc. Consolidated Shareholder Litigation*, Consolidated C.A. No. 1106-N (Del. Ch. Ct.).

- *In re American Pharmaceutical Partners, Inc. Shareholder Litigation,* Consolidated C.A. No. 1823-N (Del. Ch. Ct.).

- *In re Tower Automotive ERISA Litigation*, No. 05 CV 2184 (LLS) (S.D.N.Y.).

- *MBNA Corp. ERISA Litigation,* C.A. No. 05-429 GMN (D. Del.).

- *In re Aon ERISA Litigation,* No. 04 C 6875 (N.D. Ill.).

- *In re Aquila, Inc.,* (ERISA Litigation), 04-865 (W.D. Mo.).

- *Spiziri v. The St. Paul Travelers Companies, Inc.* (ERISA Litigation), Civ. No. 04-5096 JRT/FLN (D. Minn.).

8

Wolf
Haldenstein
Adler Freeman
& Herz LLP

- *In re Harley Davidson, Inc. ERISA Litigation,* Case No. 05-C-00547-CNC (E.D. Wisc).

- *In re Guidant Corp. ERISA Litigation,* 1:05-cv-1009-LJM-TAB (S.D. Ind.)

- *Harris v. Amgen, Inc., et al.,* Case No. CV 07-5442- PSG (C.D. Cal.) (ERISA Action).

- *Schoenbaum v. E.I. DuPont de Nemours and Company, et al.,* Case No. 4:05-cv-01108 ERW (E.D. Mo.) (consolidated antitrust cases concerning genetically modified corn and soybean seeds).

- *In re Genetically Modified Rice Litigation,* MDL 1811 (E.D. Mo.).

- *In re Sulfuric Acid Antitrust Litigation,* Master File No. 03 C 4576 (N.D. Ill.).

- *In re McDonough, et al. v. Toys "R" Us, Inc., et al.,* No 2:06 CV 00242-AB (E.D. Pa.).

- *In re Copper Tubing Antitrust Litigation,* No. 04-2771-DV.

- *In re ACR Copper Tubing Antitrust Litigation,* No. 06-2207-DP (W.D. Tenn.).

- *In re Evanston Northwestern Healthcare Corp. (ENH) Antitrust Litigation,* No. 07-4446-JHL (N.D. Ill.).

Beginning on page 25 is a representative listing of cases in which the Firm has been lead or one of the plaintiffs' primary counsel and the results achieved in those cases. In addition, a representative list of published decisions in cases in which Wolf Haldenstein has played a lead or other significant role begins on page 29.

## Derivative Cases

Wolf Haldenstein is a leader in the derivative litigation field and is currently leading counsel in some of the most significant derivative actions pending in the United States, including:

- *In re Mutual Fund Investment Litigation,* MDL No. 1586 (D. Md.).

Wolf
Haldenstein
Adler Freeman
& Herz LLP

- *Levin v. Kozlowski, (Tyco Derivative Litigation)*, No. 602113/2002 (N.Y. Sup. Ct.).

- *AIG, Inc. Consolidated Derivative Litigation,* C.A. No. 769-N (Del. Chanc.).

- *In re R&G Financial Corp. Derivative Litigation*, 1:05-CV-5547 (S.D.N.Y.).

- *In re Cablevision Systems Corp. Shareholder Derivative Litigation*, Master File No. 06-CV-4130-DGT-AKT.

- *General Motors Derivative Litigation*, MDL Docket No. 1749 (E.D. Mich.).

- *In re Applied Micro Circuits Corp., Inc. Derivative Litigation*, Lead Case No. CV 06-04269 JW (N.D. Cal.).

- *In re Atmel Corp. Derivative Litigation*, Master File No. 06-4592 JF (HRL) (N.D. Cal.).

- *In re Monster Worldwide, Inc. Stock Option Derivative Litigation,* Master File No. 06cv4622 (S.D.N.Y.).

- *In re Novellus Systems, Inc. Derivative Litigation,* Master File No.  C 06-03514 RMW (N.D. Cal.).

- *In re Verisign, Inc. Derivative Litigation,* Master File No. C-06-4165-PJH (N.D. Cal.).

- *In re Western Digital Corp. Derivative Litigation*, Master File No. SACV 06-729-AG (RNBx) (C.D. Cal.).

- *Teitelbaum v. Cohen,* No. 2833-VCS (Del. Ch.) (*L-3 Communications Holdings, Inc. Derivative action).*

## OVERTIME AND COMPENSATION CLASS ACTIONS

Wolf Haldenstein is a leader in the field of class action litigation on behalf of employees who have not been paid overtime or other compensation they are entitled to receive, or have had improper deductions taken from their compensation. These claims for violations of the federal Fair Labor Standards Act and state labor laws, allege improper failure to pay overtime and other wages, and improper deductions from compensation for various company expenses.  Wolf Haldenstein is currently lead or co-lead counsel, or other similar lead role, in some of the most significant overtime class actions pending in the United States, including those listed below:

10

- *Lavoice v. Citigroup Global Markets, Inc.*, 06-0756 (S.D.N.Y.)

- *Basile v. A.G. Edwards, Inc.*, o6-cv-0833 (N.D.N.Y)

- *Rosenthal v. A.G. Edwards & Sons, Inc.*, 06-3995 (D.N.J.)

- *Palumbo v. Merrill Lynch*, 06-2104 (E.D.N.Y.)

- *Garrison v. Merrill Lynch*, 06-3553 (D.N.J.)

- *Roles v. Morgan Stanley*, 05-7889 (E.D.N.Y.)

- *Lenihan v. Morgan Stanley*, 06-00794 (D. Conn.)

- *Klein v. Ryan Beck*, 06-03460 (S.D.N.Y.)

- *Badain v. Wachovia*, 06-06321 (W.D.N.Y.)

- *Garcia v. Lowe's Home Centers, Inc.*, Case No. GIC 841120 (S.D. Supr.)

- *Weinstein v. MetLife, Inc.*, 06-cv-04444-SI (N.D. Cal.)

## BIOTECHNOLOGY AND AGRICULTURAL LITIGATION

Wolf Haldenstein is a leader in biotechnology and agricultural litigation. The firm has represented U.S. row crop farmers and others harmed by crop supply contamination, price fixing of genetically-modified crop seeds, and false claims and representations relating to purportedly "organic" products. The firm has prosecuted actions in these fields against domestic and international biotechnology and crop science companies under the federal and state antitrust laws, consumer protection and deceptive trade practice statues, and the common law. As a leader in this field, Wolf Haldenstein pioneered approaches now commonly used in these types of cases, including the use of futures-based efficient market analyses to fashion damages models relating to the underlying commodity crops. The firm has served or is currently serving as lead or co-lead counsel in some of the most significant biotechnology and agricultural class actions pending in the United States, including:

- *In re StarLink Corn Products Liability Litigation*, MDL No. 1403 (N.D. Illinois) – class action that recovered $110 million for U.S. corn farmers who sustained market losses arising from defendants' contamination of the U.S. food corn supply with an improperly bioengineered corn seed product.

Wolf
Haldenstein
Adler Freeman
& Herz LLP

- *Schoenbaum v. E.I. DuPont de Nemours and Company, et al.*, Case No. 4:05-cv-01108 ERW (E.D. Mo.) – Consolidated antitrust cases concerning genetically modified corn and soybean seeds.

- *In Re Genetically Modified Rice Litigation*, MDL 1811 (E.D. Mo.) – Consolidated class actions representing the interests of United States long-grain rice producers seeking to recover damages they sustained resulting from the contamination of the U.S. rice supply with unapproved, genetically-modified rice seed traits developed and tested by Bayer CropScience LP and related entities. The website the firm maintains on the case is www.bayerricelitigation.com.

For more information about our efforts in these fields, please contact Wolf Haldenstein partner Adam Levitt at (312) 984-0000.

## PRIVATE ACTIONS FOR INSTITUTIONAL INVESTORS

In addition to its vast class action practice, the Firm also regularly represents institutional clients such as public funds, investment funds, limited partnerships, and qualified institutional buyers. The Firm has represented institutional clients in non-class federal and state actions concerning a variety of matters, including private placements, disputes with investment advisors, and disputes with corporate management. Examples of such cases include:

- *Steed Finance LDC v. Laser Advisers, Inc.,* 99 Civ. 4222 (PKC)(S.D.N.Y.), a fraud, negligence, breach of contract and breach of fiduciary duty action brought by a hub fund, a related feeder fund and individual investors in the feeder fund against the funds' former investment advisors for mispricing certain securities and derivative instruments in the funds' fixed-income securities portfolio.

- *Diversified Asset Securitization Holdings I, L.P. v. Enterprise Mortgage Acceptance Co, LLC, et al.,* 02 Civ. 10228 (SWK) (S.D.N.Y.), a federal and state securities fraud action brought by limited partnerships that pooled the investments of various insurance companies against the issuer and management and controlling shareholder of the issuer, concerning misrepresentations made in connection with a private

placement of certificates representing interests in a securitized pool of loans made to franchise operations of car care businesses, gas stations, convenience stores and quick service restaurants.

- *Gramercy Park Investments v. Airfund International,* No. 97-22734B (Mass.Super. Ct.); *Gramercy Park Investments v. The Krupp Realty Fund*, No. 97-1612 (Mass.Super.Ct.); *Geodyne Resources v. Gramercy Park Investments,* No. CJ-96-05548 (Dist.Ct.Okla.); *Gramercy Park Investments v. Wells Real Estate Fund,* No. 97-A-0241-3 (Ga.Super.Ct.); *Gramercy Park Investments v. Swift Energy,* No. 96-61729 (Dist.Ct.Tex.); and *Lexington Family Investments v. Dean Witter,* No. 15217-96 (N.Y.Sup.Ct.); actions brought on behalf of institutional investors in state courts throughout the nation demanding inspection of investor lists and other corporate and partnership information.

- *Madison Partnership Liquidity Investors v. American Cable TV Investors,* 97 Civ. 4950 (JSM) (S.D.N.Y.); and *Madison Partnership Liquidity Investors v. PLM Equipment Growth Fund,* 98 Civ. 4057 (JSM)(S.D.N.Y.); actions brought on behalf of institutional investors against fund management for improper defensive actions taken in response to investors' acquisitions of large positions in funds.

The Firm has also acted as special counsel to investors' committees in efforts to assert the investors' interests without resort to litigation.  For example, the Firm served as Counsel to the Courtyard by Marriott Limited Partners Committee for several years in its dealings with Host Marriott Corporation, and as Special Counsel to the Windsor Park Properties 7 and 8 limited partners to insure the fairness of their liquidation transactions.

## THE CLASS ACTION LITIGATION GROUP

The qualifications of the attorneys in the Wolf Haldenstein Litigation Group are set forth below and are followed by descriptions of some of the Firm's attorneys who normally practice outside the Litigation Group who contribute significantly to the class action practice from time to time.

## PARTNERS

**DANIEL W. KRASNER**: *admitted*:  New York; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Sixth, Eighth, Ninth, Tenth and Eleventh Circuits; U.S. District Courts for the Southern

and Eastern Districts of New York, Central District of Illinois, and Northern District of Michigan. *Education*: Yeshiva College (B.A. 1962); Yale Law School (LL.B., 1965). Lecturer: Practicing Law Institute; Rutgers Graduate School of Business. Member: the Association of the Bar of the City of New York; Rockland County, New York State and American Bar Associations; Federal Bar Council. Mr. Krasner has lectured frequently before bar groups and has educated groups on securities laws and investors rights. His qualifications have received favorable judicial recognition on many occasions. *See, e.g., Shapiro v. Consolidated Edison Co.*, [1978 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 96,364 at 93,252 (S.D.N.Y. 1978) ("in the Court's opinion the reputation, skill and expertise of . . . [Mr.] Krasner, considerably enhanced the probability of obtaining as large a cash settlement as was obtained"); *Steiner v. BOC Financial Corp.*, [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 97,656, at 98,491.4, (S.D.N.Y. 1980) ("This Court has previously recognized the high quality of work of plaintiffs' lead counsel, Mr. Krasner"). *The New York Law Journal*, August 1, 1983, at p. 5 (referring to Mr. Krasner as one of the "top rank plaintiffs' counsel" in the securities and class action fields.).

**FRED TAYLOR ISQUITH**: *admitted*: New York; District of Columbia; Supreme Court of the United States; U.S. Courts of Appeals for the First, Second, Third, Fourth and Eighth Circuits; U.S. District Courts for the Southern, Eastern and Northern Districts of New York, District of Arizona, District of Colorado, Central District of Illinois, Western District of Michigan and District of Nebraska. *Education*: Brooklyn College of the City University of New York (B.A., 1968); Columbia University (J.D., 1971). **Author**, "Post Arbitration Remedies," for an Introduction to Securities Arbitration (NYSBA, 1994); "A Plaintiff's Lawyer Examines Limited Partnership Roll-ups for Real Estate Exit Strategies" (American Conference Institute, 1994); Federal Civil Practice Supplement, "Representative Actions," (NYSBA, 2000). "A Scalpel in Your Hand: Litigation as a Tool" (2002, SRI); "Anatomy of a Deposition . . . Complex Financial Case" (2002, NYC Bar); "The Seven Year Itch" (2003); "Wolf in Sheep's Clothing: Tort Reform" (2004, SRI); "Ethics Going Astray By Small Steps" (2004); "A Flexible Approach to Loss Causation" (2005); "An SEC Monopoly Will Not Work" (Institutional Investors Services, 2007); Columnist for weekly column "From the Courts, for *The Class Act*, National Association of Securities and Class Action Attorneys. **Lecturer**, Panelist with the Antitrust Committee of the New York City Bar Association Regarding Private Equity Transactions and the Implications of the Supreme Court's Recent Decisions

14

(2008); Developments in Class Actions; (NYSBA, 2007); IPO Tie In/Claims Seminar, Professional Liability Underwriter Society; Securities Arbitration New York State Bar Association; Real Estate Exit Strategies, American Conference Institute; Fundamental Strategies in Securities Litigation (NYSBA, CLE Program). He is an arbitrator with the American Arbitration Association and with the Civil Court of the City of New York and a mediator for the ADR Program of the Supreme Court, County of New York; Complex Litigation Panel. **Member**: The Association of the Bar of the City of New York (Committee on Federal Courts; Committee on Antitrust); New York County Lawyers' Association (Former Chair: Business Tort/Consumer Fraud-Tort Law Section); Brooklyn (Member: Committee on Civil Practice Law and Rules, 1983-; Committees on Legislation and Federal Courts, 1984-), New York State (Member: Committee on Legislation, Trial Lawyers Section, 1981- ); Committee on Securities, Commercial and Federal Litigation Section, 1989- ); Committee on Evidence (2007 - ); and American (Member: Sections on: Litigation; International Law; Individual Rights and Responsibilities); Bar Associations; the District of Columbia Bar; and Legislation and Civil Practice Law and Rules Committee of the Brooklyn Bar Association; Vice President if the Institute for Law and Economic Policy.  Mr. Isquith has been Chairman of the Business Tort/Consumer Fraud Committee of the Tort Law Section of the New York State Bar Association and is a member of that Association's Committees on Securities Law and Legislation. He also serves as a judge for the Moot Court Competition of Columbia University Law School and has served on Fordham University's National Competition. Mr. Isquith served as President of the National Association of Securities and Commercial Law Attorneys in 2003 and 2004.  He is frequently quoted in the *Wall Street Journal*, the *New York Times*, and other national publications.  The April 1987 issue of *Venture* magazine listed Mr. Isquith as among the nation's top securities class action attorneys.  In 2006 and 2007, Mr. Isquith was selected as among the top 5% of attorneys in the New York City metropolitan area chosen to be included in the *Super Lawyers* Magazine.  He was also selected by Lawdragon in its list of attorneys.

JEFFREY G. SMITH:  *admitted:*  New York; California; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Eighth and Ninth Circuits; U.S. Tax Court; U.S. District Courts for the Southern and Eastern Districts of New York, Southern and Central Districts of California and the Districts of Colorado and Nebraska.  *Education*:

15

Vassar College (A.B., *cum laude generali*, 1974); Woodrow Wilson School of Public and International Affairs, Princeton University (M.P.A., 1977); Yale Law School (J.D., 1978).  At Yale Law School, Mr. Smith was a teaching assistant for the Trial Practice course and a student supervisor in the Legal Services Organization, a clinical program.  Member: The Association of the Bar of the City of New York; New York State and American (Section on Litigation) Bar Associations; State Bar of California (Member: Litigation Section).  Mr. Smith has frequently lectured on corporate governance issues to professional groups of Fund trustees and investment advisors as well as to graduate and undergraduate business student groups, and regularly serves as a moot court judge for the A.B.A. and at New York University Law School.  Mr. Smith has substantial experience in complex civil litigation, including class and derivative actions, tender offer, merger, and takeover litigation.

**FRANCIS M. GREGOREK**:  *admitted*:  New York; California; U.S. Courts of Appeals for the District of Columbia and Ninth Circuit; U.S. District Courts for the Eastern and Southern Districts of New York, and Central, Southern and Northern Districts of California; *Education*: University of Virginia (B.A., with high distinction, 1975); New York University (J.D., 1978); Durham University, Durham, England. Phi Beta Kappa; Phi Alpha Theta. Member: State Bar of California; American Bar Association.

**MARY JANE FAIT**:  *admitted*:  New York; Illinois; U.S. District Courts for the Southern and Eastern Districts of New York, and Northern District of Illinois; U.S. Court of Appeals for the Seventh Circuit.  *Education*: St. John's College and University of Illinois (B.A., Economics, 1976); Cornell Law School (J.D., 1979). Member: Chicago Bar Association; Illinois Bar Association; Antitrust Division of the American Bar Association.

**PETER C. HARRAR**:  *admitted*:  New York; U.S. District Courts for the Southern, Eastern and Northern Districts of New York.  *Education*: Princeton University (A.B., with high honors, 1980); Columbia University (J.D., 1984). Phi Beta Kappa.  Mr. Harrar has extensive experience in complex securities and commercial litigation on behalf of individual and institutional clients.

**LAWRENCE P. KOLKER**:  *admitted*:  New York; U.S. Courts of Appeals for the Second and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, Western District of Michigan and the District

16

Wolf
Haldenstein
Adler Freeman
& Herz LLP

of Colorado. *Education*: State University of New York at Binghamton (B.A., 1978); Brooklyn Law School (J.D., 1983). Editor, *Brooklyn Law Review*, 1982-1983. Panelist, Early Neutral Evaluator for the Eastern District of New York, 1992-1997. Lecturer, Brooklyn Law School, 1989. Assistant Corporation Counsel, City of New York, 1983-1987. Member: The Association of the Bar of the City of New York; New York State Bar Association. Mr. Kolker has spoken at numerous conferences of the Investment Program Association and the Strategic Research Institute concerning limited partnership tender offers and litigation strategies, and has published articles entitled "Litigation Strategies for Limited Partnership Tender Offers" (February 1996) and "Limited Partnership Five Percent Tender Offers" (October 1997) in Standard & Poor's *Review of Securities and Commodities Regulation*. Mr. Kolker has acted as lead counsel in numerous class and derivative actions asserting the rights of investors since joining Wolf Haldenstein in 1989. Mr. Kolker also counsels investment management firms in transactional and securities matters and represents them in corporate and business litigation.

**MARK C. RIFKIN:** *admitted*: New York; Pennsylvania; New Jersey; U.S. Supreme Court; U.S. Courts of Appeals for the Second, Third, Fifth, and D.C. Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, the Eastern and Western Districts of Pennsylvania, the District of New Jersey, the Eastern District of Wisconsin and the Western District of Michigan. *Education*: Princeton University (A.B., 1982); Villanova University School of Law (J.D. 1985). Contributor, PACKEL & POULIN, *Pennsylvania Evidence* (1987). Mr. Rifkin has extensive experience in complex class and derivative actions in securities, ERISA, antitrust, intellectual property, and consumer protection litigation. Mr. Rifkin has extensive trial experience in class and derivative actions, including *In re National Media Corp. Derivative Litig.*, C.A. 90-7574 (E.D.Pa.), *Upp v. Mellon Bank, N.A.*, C.A. No. 91-5229 (E.D.Pa.), where the verdict awarded more than $60 million in damages to the Class (later reversed on appeal, 997 F.2d 1039 (3d Cir. 1993)), and *In re AST Research Securities Litigation*, No. 94-1370 SVW (C.D. Cal.), as well as a number of commercial matters for individual clients. Mr. Rifkin has lectured before diverse business and professional organizations in the areas of securities and complex litigation and corporate governance, serves as a moot court judge for the A.B.A. and at New York University Law School, and is a frequent guest lecturer to graduate and undergraduate economics and finance students on corporate governance topics.

17

**MICHAEL JAFFE**: *admitted*: California; New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: University of California at Berkeley (B.S., with highest distinction, 1982); Hastings College of the Law, University of California (J.D., 1987). Judicial Extern to the Honorable Thelton E. Henderson, Northern District of California, 1986-1987. Member: The Association of the Bar of the City of New York. Languages: French.

**BETSY C. MANIFOLD**: *admitted*: Wisconsin; New York; California; U.S. District Courts for the Western District of Wisconsin, Eastern and Southern Districts of New York, and Northern, Central and Southern Districts of California. *Education*: Elmira College; Middlebury College (B.A., *cum laude*, 1980); Marquette University (J.D., 1986); New York University. Thomas More Scholar. Recipient, American Jurisprudence Award in Agency. Member: The Association of the Bar of the City of New York. Languages: French.

**ALEXANDER H. SCHMIDT**: *admitted:* New York; New Jersey; United States Supreme Court, United States Court of Appeals for the Second Circuit, and the United States Court of Federal Claims. *Education:* State University of New York, Stony Brook (B.A., 1981); Brooklyn Law School (J.D., 1985). Mr. Schmidt concentrates on sophisticated commercial litigation, including matters involving antitrust, class actions, banking, commercial factoring, securities fraud, civil RICO, real estate, intra-corporate and partnership disputes, and legal and accounting malpractice. His noteworthy, groundbreaking successes include *Dresses For Less, Inc. v. CIT Group/Commercial Services, Inc.*, 2002 U.S. Dist. LEXIS 18338; 2002-2 Trade Cas. (CCH) P73,828 (S.D.N.Y. Sept. 30, 2002) (sustaining Sherman Act claims against commercial factoring industry); *Atkins & O'Brien L.L.P. v. ISS Int'l Serv. Sys.*, 252 A.D.2d 446; 678 N.Y.S.2d 596 (1st Dep't 1998) (lawyers could recover future fees under estoppel exception to general rule that client can terminate relationship at any time as lawyers founded law firm and expended start-up costs based on client's promises of future fees); *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437 (S.D.N.Y. 1995) (attorney client privilege held waived as to inadvertently disclosed documents not protected by "common interest" doctrine). Mr. Schmidt was an Assistant Adjunct Professor of Law at Brooklyn Law School in 1998 and 1999, where he co-taught a seminar on Federal Discovery Practice.

Wolf
Haldenstein
Adler Freeman
& Herz LLP

**GREGORY M. NESPOLE**:  *admitted*:  New York; U.S. District Courts for the Southern and Eastern Districts of New York.  **Education**:  Bates College (B.A., 1989); Brooklyn Law School (J.D., 1993). Member: The Association of the Bar of the City of New York; New York State Bar Association.  Mr. Nespole's experience includes complex civil and criminal litigation.

**DAVID L. WALES**:  *admitted*:  New York; District of Columbia; United States Court of Appeals for the Second and Fourth Circuits, the United States District Courts for the Southern, Eastern and Western Districts of New York, and the District of Columbia.  **Education**:  State University of New York, Albany (B.A., *magna cum laude*, 1984); Georgetown University Law Center, (J.D., *cum laude*, 1987); Notes and Comments Editor, *Georgetown Journal of Law and Technology*.  Mr. Wales is a member of the Federal Bar Council and the Federal Courts Committee of the New York County Lawyers Association, and is AV rated by Martindale Hubbell.  Mr. Wales is an experienced trial and appellate attorney who specializes in handling complex securities and class action litigation. Mr. Wales was an Assistant United States Attorney for the Southern District of New York (1992-1998), where he specialized in investigating and prosecuting fraud and white collar criminal cases. Mr. Wales has personally tried more than 15 federal jury trials, and his recent trials include: (i) a jury verdict for more than $11 million, including $1 million in punitive damages, in a derivative action against the general partner of a hedge fund; and (ii) a multi-million dollar settlement with an accounting firm reached during trial of a class action. Mr. Wales has been lead or co-lead counsel in numerous securities class actions and derivative actions, including; *In re General Motors Corp. Derivative Action*, MDL No. 1749 (E.D. Mich. 2006) (pending derivative action); *In re Sepracor Corp. Securities Litigation*, C.A. No. 02-12338 (D. Mass.) ($52,500,000 recovery in securities fraud class action); *In Re Cablevision Systems Corp. Shareholder Derivative Action*, 06-cv-DGT-AKT (E.D.N.Y.) (preliminary approval granted to a $34.4 million settlement in a back-dated stock option action); *In re Luxottica Group S.p.A. Securities Litigation*, CV-01-3285 (E.D.N.Y.) ($18,250,000 recovery in a Williams Act case); *In re Marque Partners L.P. Derivative Action*, No. 01-604724 (Sup. Ct., N.Y. Co.) ($11,000,000 jury verdict in a derivative action); *In re Jennifer Convertibles Securities Litigation*, CV-94-5570 (E.D.N.Y.) ($9,550,000 recovery, part of the recovery obtained in the middle of trial); and *In re Curative Health Services Securities Litigation*, CV-99-2074 (E.D.N.Y.) ($10,500,000 recovery in a securities fraud action).

19

**DEMET BASAR**:  *admitted*:  New York; New Jersey; U.S. District Court for the District of New Jersey, Southern District of New York, and Eastern District of Wisconsin.  *Education*: Fairleigh Dickinson University (B.A., *summa cum laude*, 1984), Phi Omega Epsilon; Rutgers University School of Law (J.D., 1990). Recipient, West's Scholarship Award, Senior Notes and Comments Editor, *Rutgers Law Review*.  Member: The Association of the Bar of the City of New York.  Languages: Turkish.

**ADAM J. LEVITT**:  *admitted:*  Illinois; Supreme Court of the United States; U.S. Courts of Appeals for the First and Seventh Circuits; U.S. District Courts for the Northern and Southern Districts of Illinois, Northern District of Indiana, District of Nebraska, District of Colorado, and the Northern and Eastern Districts of Texas.  *Education*: Columbia College, Columbia University (A.B., *magna cum laude*, 1990); Northwestern University School of Law (J.D., 1993).  *Member:* American Law Institute (Members Consultative Groups:  Principles of the Law of Aggregate Litigation, the Restatement of the Law (Third) Restitution and Unjust Enrichment, and the Restatement of the Law (Third) Torts: Liability for Economic Loss); Seventh Circuit Contributing Editor, *Class Actions & Derivative Suits* (ABA); Consulting Participant:  "Calculation of Securities Litigation Damages" (National Association of Public Pension Attorneys, Securities Litigation Damages Calculation Taskforce).  *Publications:*  Foreign Investors Serving as Lead Plaintiffs in U.S.-Based Securities Cases, International Practice Section Newsletter (Association of Trial Lawyers of America, Washington, D.C.), Winter 2004 and Spring 2005.; Proposed Rule 225: A Death Warrant for Class Actions in Illinois, 93 Illinois Bar Journal 202 (2005); The Big Business Wish List: Proposed Illinois Supreme Court Rule 225 and the Demolition of Consumer Rights, The Class Act (The Newsletter of the National Association of Securities and Consumer Law Attorneys), February 25, 2005; and An Illinois Lawyer's Guide to Service of Process in Mexico, 82 Illinois Bar Journal 434 (1994).  Mr. Levitt has also testified before the Illinois Supreme Court Rules Committee on class action practice and related issues. Mr. Levitt regularly serves as a moot court judge in the Julius H. Miner Moot Court Competition, Northwestern University School of Law.  In recognition of his achievements to date, Mr. Levitt was named one of the "40 Illinois Attorneys Under 40 Years Old to Watch" by the *Chicago Daily Law Bulletin* and the *Chicago Lawyer*.  He is rated "AV" by Martindale-Hubbell.

Wolf
Haldenstein
Adler Freeman
& Herz LLP

Substantially all of Mr. Levitt's practice is focused on complex commercial litigation and class action practice on both the trial and appellate court levels, in federal and state courts nationwide, in the areas of securities, consumer protection, technology, and agricultural law. Since 1993, Mr. Levitt has served as lead counsel, co-lead counsel, or in other leadership positions in numerous class and other complex litigations throughout the United States, including *In re StarLink Corn Products Liability Litigation*, MDL No. 1403 (N.D. Illinois) (recovered $110 million for U.S. corn farmers who sustained market losses arising from defendants' contamination of the U.S. food corn supply with an improperly bioengineered corn seed product); *Court Reporting Services, et al. v. Compaq Computer Corporation*, C.A. No. 02 CV 044 (E.D. Texas) (obtained full recovery, valued at not less than $35 million, on behalf of Compaq Presario purchasers with improperly partitioned hard disk drives); and various Internet privacy cases, including *Supnick v. Amazon.com*, Inc. (W.D. Wash.) and *In re DoubleClick, Inc. Privacy Litigation* (S.D.N.Y.).

Mr. Levitt is currently co-lead counsel in a series of thirteen class action lawsuits against the Monsanto Company, Pioneer Hi-Bred International, and E.I. DuPont de Nemours and Company, predicated upon those companies' alleged improper conduct arising from their sale of genetically-engineered soybean and corn seeds or traits; is Class Counsel in *In re Aon ERISA Litigation* (ERISA class action lawsuit on behalf of all participants and beneficiaries of Aon's 401(k) savings plan against Aon and certain of its officers and directors, alleging that during the class period, defendants, as fiduciaries of the Plan, each violated ERISA by breaching their duties owed to plaintiffs and the other participants and beneficiaries of the Plan in connection with the Plan's holding of Aon stock); and was recently appointed Designated Co-Lead and Co-Interim Class Counsel in *In Re Genetically Modified Rice Litigation*, MDL 1811 (E.D. Mo.), in which he is representing the interests of United States long-grain rice producers seeking to recover damages they sustained resulting from the contamination of the U.S. rice supply with unapproved, genetically-modified rice seed traits developed and tested by Bayer CropScience LP and related entities. Mr. Levitt is also actively involved in the *In re Initial Public Offering Sec. Litig.*, Master File No. 21 MC 92 (SAS) (S.D.N.Y.) (consolidated action against 309 issuers and 55 underwriters alleging manipulation, misrepresentations, and omissions relating to the market for various high-tech initial public offerings), and also recently served as lead counsel in *In re Comdisco Securities Litigation* (securities class action lawsuit against former Comdisco

21

Wolf
Haldenstein
Adler Freeman
& Herz LLP

executives relating to Comdisco's misrepresentations and omissions with respect to its Prism division).  Mr. Levitt also provides, or has provided legal services to various private companies involving complex litigation and general corporate matters.

**THOMAS H. BURT**:  *admitted*:  New York; U.S. District Courts for the Southern and Eastern Districts of New York.  *Education*: American University (B.A., 1993); New York University (J.D., 1997).  Articles Editor with New York University Review of Law and Social Change.

**RACHELE R. RICKERT**:  *admitted*:  California; U.S. District Court for the Southern District of California.  *Education*:  Point Loma Nazarene College (B.A., 1994); University of California, Hastings College of the Law (J.D., 1997).  Member: State Bar of California.  Former Deputy Alternate Public Defender for the County of San Diego.

## OF COUNSEL

**ROBERT ABRAMS**:  *admitted*:  New York; U.S. Court of Appeals for the Third Circuit; U.S. District Courts for the Southern and Eastern Districts of New York, Eastern District of Missouri, District of Maryland, and District of Delaware.  *Education:* Haverford College (B.A., 1961); Columbia University (Ph.D., 1966), Brooklyn Law School (J.D., 1992).  Woodrow Wilson Fellow; International Business Law Fellow.  Adjunct Professor, Mediation Clinic, Brooklyn Law School, 1983-1984.  Mr. Abrams was formerly a Professor of Political Science at Brooklyn College and the Graduate Center of the City University of New York.  Member: New York State Bar Association.  Mr. Abrams is the author of books on the theory of collective choice (Columbia University Press) and voting theory (Sage), as well as articles on Soviet politics, game theory and bargaining and negotiations.   He has focused his practice on complex securities, ERISA, and consumer actions.

**ROBERT B. WEINTRAUB**:  *admitted*:  New York; Supreme Court of the United States; U.S. Court of Appeals for the Federal and Second Circuits; District of Columbia; U.S. District Courts for the Southern and Eastern Districts of New York.  *Education*: Syracuse University (B.A., *cum laude*, 1972); Georgetown University Law Center (J.D., 1977). Member: 1975-1977, Articles Editor and Member: Executive Board, 1976-1977, Law and Policy in International Business, *Georgetown International Law Journal*. Assistant Editor, Competition Working Group, "The OECD Guidelines for

Wolf
Haldenstein
Adler Freeman
& Herz LLP

Multinational Enterprises: A Business Appraisal," 1977.  Author, "Law Backs Women Warriors," *National Law Journal*, June 7, 1993. Co-contributor: Chapter 7, "The Celler-Kefauver Act of 1950," 4 *Legislative History of the Federal Antitrust Laws and Related Statutes*, edited by E. Kintner, Chelsea House Publishers, 1980.  Mediator, U.S. District Court, Southern District of New York.  Member: The Association of the Bar of the City of New York (Member: Committee on Securities Regulation; Council on International Affairs; Chair, 1991-1994 and Member: 1987-1990, Committee on Military Affairs and Justice; International Arms Control and Security Affairs, 1990-1991); and American Bar Association.  He has counseled corporations on contract negotiation and antitrust matters, and provided antitrust advice on mergers to the arbitrage department of a major brokerage house.  He has served as an arbitrator for the NYSE, the NASD and the Municipal Securities Rulemaking Board and as a mediator for the federal District Court in New York.  Mr. Weintraub also previously served as Senior Vice President and General Counsel of a broker-dealer investment bank which is a member of the NYSE, the NASD and other principal exchanges.  Mr. Weintraub has particular experience in litigation involving investment firms and broker-dealers.

**GUSTAVO BRUCKNER**:  *admitted*:  New York; New Jersey; United States District Courts for the Districts of New Jersey, Eastern District of New York, and the Southern District of New York; the United States Court of Appeals for Second Circuit and the Supreme Court of the United States.  *Education*: New York University (B.S., 1988); New York University (M.B.A. 1989); Benjamin N. Cardozo School of Law, Yeshiva University (J.D., 1992).

## ASSOCIATES

**THEODORE B. BELL: *admitted:*** Michigan; Illinois; 7th Circuit Court of Appeals; United States District Courts for the Northern, Central and Southern Districts of Illinois.  *Education:* University of Michigan (B.A., 1988); University of Detroit Mercy School of Law (J.D., 1992).

**MALCOLM T. BROWN**: *admitted:* New York, New Jersey, Pennsylvania, United States District Courts for the Southern and Eastern Districts of New York, District of New Jersey and Eastern District of Pennsylvania.  Education: University of Pennsylvania (B.A., Political Science 1988) and Rutgers University School of Law (J.D. 1994).

Wolf
Haldenstein
Adler Freeman
& Herz LLP

**SCOTT J. FARRELL**: *admitted*:  New York; New Jersey; U.S. District Courts for the Southern and Eastern Districts of New York, the District of New Jersey, and the District of Colorado. *Education*: Yeshiva University (B.A., *magna cum laude,* 1996), where he was a Max Stern Scholar and Gruss Scholar; New York University School of Law (J.D., 1999), where he was an Article and Note Editor of the *Journal of Legislation and Public Policy*. He is the co-author of "In re Gary Glass and Zoltan Guttman," CFTC Docket No. 93-4, *Futures & Derivatives Law Report*, July/August, 1998.

**KATE MCGUIRE**: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York.  *Education*: University of California at Santa Cruz (B.A. 1995), Georgetown University Law Center (J.D., 1998); Member: *Georgetown Immigration Law Journal*.

**STACEY T. KELLY**: *admitted*:  New York; New Jersey; U.S. District Courts for the Southern and Eastern Districts of New York.  *Education*: New York University (B.A., 1997); Rutgers School of Law - Newark (J.D., 2000). Member: New York State Bar Association; New York County Lawyers Association

**PAULETTE S. FOX**: *admitted*:  New York; New Jersey U.S. District Courts for the  Southern and Eastern Districts of New York.  *Education*: Benjamin N. Cardozo School of Law (J.D. 2001); Syracuse University (B.A. in Public Policy, *summa cum laude*, Phi Beta Kappa, 1998).

**MATTHEW GUINEY**:  *admitted:* New York.  *Education*: The College of William & Mary (B.A. in Government and Economics 1998); Georgetown University Law Center (J.D. 2002).

**MARTIN RESTITUYO**: *admitted:* New York. *Education*: Queens College (B.A., 1998); Hofstra University School of Law (J.D. 2002); Hofstra University, Frank G. Zarb School of Business (M.B.A., Finance, 2005).  Mr. Restituyo did postgraduate work at the Universidad Autonoma de Santo Domingo, Santo Domingo, in the Dominican Republic, and studied at Faculte de Droit de l'Universite de Nice, in Nice, France.  Mr. Restituyo was the Assistant Town Attorney for North Hempstead, New York (2004-2006), an Adjunct Professor at John Jay College of Criminal Justice (2005), and was in the Nassau County Department of Economic Development (2002-2004). In 2003, he was awarded the "Distinguished Alumni Award" from Hofstra

Wolf
Haldenstein
Adler Freeman
& Herz LLP

University's Clinical Program. He is a member of the Nassau County Bar Association, the Women's Bar Association, the Hispanic Bar Association, the Dominican Bar Association and Hofstra University School of Law, Alumni Board.

MARISA C. LIVESAY: *admitted*: California; U.S. Court of Appeals for the Ninth Circuit; U.S. District Courts for the Central, Southern and Northern Districts of California. *Education*: University of Arizona (B.A. 1999, Dean's List with Distinction), where she served on the Associated Student Senate; University of California, Los Angeles (J.D. 2002, Corporate Specialization), where she was a member of the Moot Court Executive Board and staff member of the Journal of International Law and Foreign Affairs. Member: State Bar of California.

GEORGE T. PETERS: *admitted*: New York, U. S. District Courts for the Southern & Eastern Districts of New York. *Education*: Eastern Illinois University, B.A. 1991; attended Howard University School of Law and fulfilled remaining law studies at Wolf Haldenstein Adler Freeman and Herz LLP. Member of the New York State Bar Association.

JOHN TANGREN: *admitted:* Illinois, the Northern District of Illinois and the District of Colorado. *Education:* The University of Chicago (A.B., Philosophy and Music, 2000) and the University of Chicago Law School with honors (J.D. 2003) where he was Executive Editor of the University of Chicago Legal Forum. Before joining Wolf Haldenstein, Mr. Tangren practiced complex commercial litigation as an associate in the Chicago office of a large global firm. His primary area of practice is class action litigation.

PATRICK H. MORAN: *admitted:* Wisconsin, the United States Court of Appeals for the Seventh Circuit and the United States District Court for the Eastern District of Wisconsin. Education: University of Iowa (B.A. Economics, 1999); Marquette University Graduate School of Business Administration (M.B.A., Accounting, 2004); Marquette University Law School (J.D. 2003), where he was a member of the Marquette University Law Review and published *The Federal and Ninth Circuits Square Off: Refusals to Deal and the Precarious Intersection between Antitrust and Patent Law*, 87 MARQ. L. REV. 387 (2003). Before joining Wolf Haldenstein, Mr. Moran served as a law clerk to the Hon. John L. Coffey of the United States Court of Appeals for the Seventh Circuit. In addition, Mr. Moran has held

25

positions with a big four accounting firm as an international tax consultant and as an associate for a large securities class action law firm, specializing in litigation concerning mergers and acquisition.

RACHEL S. POPLOCK: *admitted:* New York, U.S. District Courts for the Southern & Eastern Districts of New York. *Education:* Cornell University (B.S. Human Development, 2002), Fordham Law School (J.D. 2005) where she was a member of the Fordham Urban Law Journal and received the Archibald R. Murray Public Service Award for her participation in the Family Advocacy Clinic.

RUSSELL S. MINESS: a*dmitted:* New York, U.S. District Court for the Southern District of New York. *Education:* Cornell University (B.S., Industrial and Labor Relations, 2002); University of Pennsylvania Law School (J.D., 2005), where he was a Senior Editor of the Journal of International Economic Law. Before joining Wolf Haldenstein, Mr. Miness was an associate in the New York office of a large international law firm.

Wolf Haldenstein partners who regularly provide their non-litigation expertise to class action litigation matters

CHARLES H. BALLER: *admitted*: New York. *Education*: New York University (B.S., *magna cum laude*, 1954); Columbia University (LL.B., 1957); New York University (L.L.M., Taxation, 1962). Beta Gamma Sigma; Beta Alpha Psi. Harlan Fiske Stone Scholar. Co-Editor and Contributing Author, April, 1981, with 1986 Supplement, *Business Acquisitions*, Practicing Law Institute. Member: The Association of the Bar of the City of New York; New York State and American Bar Associations. Mr. Baller has worked in the office of Chief Counsel, Internal Revenue Service (Interpretative Division). A lecturer and author for the Practicing Law Institute (co-editor of the reference work *Business Acquisitions: Planning and Practice*), Mr. Baller is a corporate and tax attorney with extensive expertise in mergers and acquisitions, complex estate planning (particularly relating to corporate and business holdings), and employee benefits and compensation, including ERISA.

ERIC B. LEVINE: *admitted*: New York; U.S. Courts of Appeals for the Second and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, and Eastern District of Michigan; U.S. Tax

Wolf
Haldenstein
Adler Freeman
& Herz LLP

Court.  **Education**:  State University of New York at Buffalo (B.A., *summa cum laude*, 1974); University of Pennsylvania (J.D., *cum laude*, 1977).  Order of the Coif, Phi Beta Kappa. Associate Editor, *University of Pennsylvania Law Review*, 1976-1977.  Member: The Association of the Bar of the City of New York; New York State Bar Association.  Mr. Levine's practice focuses on complex commercial and civil litigation, including in the area of bankruptcy and receivership litigation, creditors' rights, and lender liability.

**MARK C. SILVERSTEIN**: *admitted*:  New York.  **Education**: State University of New York at Binghamton (B.S., *summa cum laude*, 1980); New York University (J.D., *cum laude*, 1983).  Order of the Coif.  Editor, Journal of International Law and Politics, 1982-1983.  Member: the Association of the Bar of the City of New York; New York State; American Bar Associations. Mr. Silverstein serves as general counsel to corporations and handles matters involving tax planning and mergers and acquisitions.  He also provides counseling in the structure of complex settlements and the administration of complex claims administrations.

**ELI D. GREENBERG**:  *admitted*:  New York.  **Education**: New York University (B.S., *magna cum laude*, 1981.  New York University (J.D., 1984). Beta Gamma Sigma. Lecturer, New York University.  Member: American Health Lawyers Association.  Mr. Greenberg has extensive experience in pension, tax, benefits, and ERISA.

SUBSTANTIAL RECOVERIES OBTAINED IN REPRESENTATIVE
PAST CLASS ACTION CASES IN WHICH WOLF HALDENSTEIN
WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

- *In re BankAmerica Corp. Securities Litigation,* MDL Docket No. 1264 (JFN) (E.D. Mo.) (class recovered $490 million).

- *In re Dynamic Random Access Memory Antitrust Litigation,* (MD-02 1486 (N.D. Cal.) (class recovered $325 million).

- *In re MicroStrategy, Inc. Securities Litigation,* Civ. No. 00-473-A (E.D. Va.) (class recovered $160 million in cash and securities).

- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373, 94 Civ. 2546 (S.D.N.Y.) (securities fraud) (class recovered $116.5 million in cash).

- *In re Starlink Corn Products Liability Litigation,* (N.D. Ill.) (class recovered $110 million).

27

- *In Computer Associates 2002 Class Action Sec. Litigation,* 2:02-CV-1226 (E.D.N.Y.) ($130 million settlement in this and two related actions).

- *In re Sepracor Inc. Securities Litigation, Civ. No.* 02-12338 (MEL) (D. Mass.) (classes recovered $52.5 million).

- *In re Merrill Lynch & Co., Inc. Global Technology Fund Securities Litigation,* 02 CV 7854 (JFK) (SDNY); and *In re Merrill Lynch & Co., Inc. Focus Twenty Fund Securities Litigation,* 02 CV 10221 (JFK) (SDNY) (class recovered $39 million in combined cases).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation,* No. 6:04-cv-1231 (Orl-31) (class recovered $35 million, and lawsuit also instrumental in $225 million benefit to corporation).

- *Berger v. Compaq Computer Corp.,* Docket No. 98-1148 (S.D. Tex.) (class recovered $29 million).

- *In re Arakis Energy Corporation Securities Litigation,* 95 CV 3431 (E.D.N.Y.) (class recovered $24 million in cash).

- *In re E.W. Blanche Holdings, Inc. Securities Litigation*, Civ. No. 01-258 (D. Minn.) (class recovered $20 million).

- *In re Globalstar Securities Litigation,* Case No. 01-CV-1748 (SHS) (S.D.N.Y.) (class recovered $20 million).

- *In re Luxottica Group S.p.A. Securities Litigation,* No. CV 01-3285 (E.D.N.Y) (class recovered $18.25 million).

- *In re Musicmaker.com Securities Litigation,* CV-00-2018 (C.D. Cal.) (class recovered $13.75 million).

- *In re Comdisco Securities Litigation,* No. 01 C 2110 (MIS) (N.D. Ill.) (class recovered $13.75 million).

- *In re Acclaim Entertainment, Inc., Securities Litigation,* C.A. No. 03-CV-1270 (E.D.N.Y.) (class recovered $13.65 million).

- *In re Concord EFS, Inc. Securities Litigation*, No. 02-2097 (MA) (W.D. Tenn) (class recovered $13.25 million).

28



Wolf
Haldenstein
Adler Freeman
& Herz LLP



- *In re Bausch & Lomb, Inc. Securities Litigation,* 01 Civ. 6190 (CJS) (W.D.N.Y.) (class recovered $12.5 million).

- *In re Allaire Corp. Securities Litigation,* 00-11972 (D. Mass.) (class recovered $12 million).

- *Bamboo Partners LLC v. Robert Mondavi Corp.,* No. 26-27170 (Cal. Sup. Ct.) (class recovered $10.8 million).

- *Curative Health Services Securities Litigation,* 99-2074 (E.D.N.Y.) (class recovered $10.5 million).

- *City Partnership Co. v. Jones Intercable,* 99 WM-1051 (D. Colo.) (class recovered $10.5 million).

- *In re Tenfold Corporation Securities Litigation,* 2:00-CV-652 (D. Utah) (class recovered $5.9 million).

- *In re Realogy Corp. Shareholder Litigation,* No. 2621-N (Del. Ch.).

- *In re Industrial Gas Antitrust Litigation,* 80 C 3479 and related cases (N.D. Ill.) (class recovered $50 million in cash and coupons).

- *In re Chor-Alkalai and Caustic Soda Antitrust Litigation,* 86-5428 and related cases (E.D. Pa.) (class recovered $55 million).

- *In re Infant Formula Antitrust Litigation,* MDL No. 878 (N.D. Fla.) (class recovered $126 million).

- *In re Brand Name Prescription Drug Antitrust Litigation,* M.D.L. 940 (N.D. Ill.) (class recovered $715 million).

- *Landon v. Freel,* M.D.L. No. 592 (S.D. Tex.) (class recovered $12 million).

- *Holloway v. Peat, Marwick, Mitchell & Co.,* No. 84 C 814 EU (N.D. Okla.) (class recovered $38 million).

- *In re The Chubb Corp.* Drought Insurance Litigation, C-1-88-644 (S.D. Ohio) (class recovered $100 million.).

- *Wong v. Megafoods,* Civ-94-1702 (D. Ariz.) (securities fraud) (class recovered $12.25 million).

Wolf
Haldenstein
Adler Freeman
& Herz LLP



- *In re Del Val Financial Corp. Securities Litigation,* 92 Civ 4854 (S.D.N.Y.) (class recovered $11.5 million).

- *In re Home Shopping Network Shareholders Litigation,* Consolidated Civil Action No. 12868, (Del. Ch. 1995) (class recovered $13 million).

- *In re Paine Webber Limited Partnerships Litigation,* 94 Civ 8547 (S.D.N.Y.) (class recovered $200 million).

- *In re Bristol-Meyers Squibb Co. Securities Litigation,* 92 Civ 4007 (S.D.N.Y.) (class recovered $19 million).

- *In re Spectrum Information Technologies Securities Litigation,* CV 93-2245 (E.D.N.Y.) (class recovered $13 million).

- *In re Chase Manhattan Securities Litigation,* 90 Civ. 6092 (LJF) (S.D.N.Y.) (class recovered $17.5 million).

- *Prostic v. Xerox Corp.,* No. B-90-113 (EBB) (D. Conn.) (class recovered $9 million).

- *Steiner v. Hercules,* Civil Action No. 90-442-RRM (D. Del.) (class recovered $18 million).

- *In re Ambase Securities Litigation,* 90 Civ 2011 (S.D.N.Y.) (class recovered $14.6 million).

- *Steiner v. Phillips (In re Southmark Securities Litigation),* CA No. 3-89-1402-D (N.D. Tex.) (class recovered $70 million).

- *Steiner v. Ideal Basic Industries, Inc.,* No. 86-M 456 (D. Colo. 1989) (securities fraud) (class recovered $18 million).

- *Tucson Electric Power Derivative Litigation,* 2:89 Civ. 01274 TUC. ACM (corporation recovered $30 million).

- *Alleco Stockholders Litigation,* (Md.Cir.Ct. Pr. Georges County) (class recovered $16 million).

- *In re Revlon Group, Inc. Shareholders Litigation*, No. 8362 (Del. Ch.) (class recovered $30 million).

Wolf
Haldenstein
Adler Freeman
& Herz LLP



- *In re Taft Broadcasting Company Shareholders Litigation,* No. 8897 (Del. Ch.) (class recovered $20 million).

- *In re Southland Corp. Securities Litigation,* No. 87-8834-K (N.D.Tex.) (class recovered $20 million).

- *In re Crocker Bank Securities Litigation*, CA No. 7405 (Del. Ch.) (class recovered $30 million).

- *In re Warner Communications Securities Litigation,* No. 82 Civ. 8288 (JFK) (S.D.N.Y.) (class recovered $17.5 million).

- *Joseph v. Shell Oil,* CA No. 7450 (Del. Ch.) (securities fraud) (class recovered $200 million).

- *In re Flight Transportation Corp. Securities Litigation,* Master Docket No. 4-82-874, MDL No. 517 (D. Minn.) (class recovered $50 million.).

- *In re Whittaker Corporation Securities Litigation,* CA000817 (Cal. Super. Ct., Los Angeles County) (class recovered $18 million).

- *Naevus International, Inc. v. AT&T Corp.,* C.A. No. 602191/99 (N.Y. Sup. Ct.) (consumer fraud) (class recovered $40 million).

- *Sewell v. Sprint PCS Limited Partnership*, C.A. No. 97-188027/CC 3879 (Cir. Ct. for Baltimore City) (consumer fraud) (class recovered $45.2 million).

REPRESENTATIVE REPORTED OPINIONS SINCE 1990 IN WHICH WOLF HALDENSTEIN WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

### Federal Appeals Court Opinions

- *Harzewski v. Guidant Corp.,* 489 F.3d 799 (7th Cir. 2007).

- *In re Pharmatrak, Inc. Privacy Litig.*, 2003 U.S. App. LEXIS 8758 (1st Cir. May 9, 2003).

- *Berger v. Compaq Computer Corp.,* 257 F.3d 475 (2001), clarified, 279 F.3d 313 (5th Cir. 2002).

Wolf
Haldenstein
Adler Freeman
& Herz LLP



- *In re Bankamerica Corp. Securities Litigation*, 263 F.3d 795 (8th Cir. 2001).

- *Wright v. Ernst & Young LLP,* 152 F.3d 169 (2d Cir. 1998).

- *Romine v. Compuserve Corp.,* 160 F.3d 337 (6th Cir. 1998).

- *Felzen v. Andreas,* 134 F.3d 873 (7th Cir. 1998).

- *Brown v. Radica Games (In re Radica Games Securities Litigation),* No. 96-17274, 1997 U.S. App. LEXIS 32775 (9th Cir. Nov. 14, 1997).

- *Robbins v. Koger Properties,* 116 F.3d 1441 (11th Cir. 1997).

- *In re Painewebber Inc. Limited Partnerships Litigation,* 94 F.3d 49 (2d Cir. 1996).

- *Glassman v. Computervision Corp.,* 90 F.3d 617 (1st Cir. 1996).

- *Alpern v. Utilicorp United, Inc.,* 84 F.3d 1525 (8th Cir. 1996).

- *Shaw v. Digital Equipment Corp.,* 82 F.3d 1194 (1st Cir. 1996).

- *Riley v. Simmons*, 45 F.3d 764 (3d Cir. 1995).

- *Stepak v. Addison,* 20 F.3d 398 (11th Cir. 1994).

- *County of Suffolk v. Long Island Lighting Co.,* 907 F.2d 1295 (2d Cir. 1990).

### Federal District Court Opinions

- *Schoenbaum v. E.I. Dupont De Nemours and Co.,* 2007 WL 2768383 (E.D. Mo. Sept. 20, 2007).

- *Jeffries v. Pension Trust Fund,* 99 Civ. 4174 (LMM), 2007 U.S. Dist. LEXIS 61454 (S.D.N.Y. Aug. 20, 2007).

- *Klein v. Ryan Beck,* 06-Civ. 3460 (WCC), 2007 U.S. Dist. LEXIS 51465 (S.D.N.Y. July 13, 2007).

- *Cannon v. MBNA Corp.* No. 05-429 GMS, 2007 U.S. Dist. LEXIS 48901 (D. Del. 2007).

Wolf
Haldenstein
Adler Freeman
& Herz LLP



- *In re Aquila ERISA Litig.,* 237 F.R.D. 202 (W.D. Mo. 2006).

- *Smith v.* Aon Corp., 238 F.R.D. 609 (N.D. Ill. 2006).

- *In re Sepracor Inc. Securities Litigation,* 233 F.R.D. 52 (D. Mass. 2005).

- *In re Transkaryotic Therapies, Inc. Securities Litigation,* No. 03-10165, 2005 U.S. Dist. LEXIS 29656 (D. Mass. Nov. 28, 2005).

- *In re Luxottica Group, S.p.A. Securities Litigation,* 2005 U.S. Dist. LEXIS 9071 (E.D.N.Y. May 12, 2005).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation,* 2005 U.S. Dist. LEXIS 38876, No. 6:04-cv-1231-Orl-31KRS (M.D. Fla. May 9, 2005).

- *Johnson v. Aegon USA, Inc.,* 1:01-CV-2617 (N.D. Ga. Sept. 20, 2004).

- *Freeland v. Iridium World Communications, Ltd.,* 99-1002 (D.D.C. Aug. 31, 2004).

- *In re Acclaim Entertainment, Inc. Securities Litigation,* 03-CV-1270 (E.D.N.Y. June 22, 2004).

- *In re Sepracor Inc. Securities Litigation,* 308 F. Supp. 2d 20 (D. Mass. 2004).

- *In re Concord EFS, Inc. Securities Litigation,* No. 02-2697 (W.D. Tenn. Jan. 7, 2004).

- *In re Enterprise Mortgage Acceptance Co., LLC, Sec. Litig.,* 02-Civ. 10288 (SWK) (S.D.N.Y. Nov. 5, 2003).

- *In re PerkinElmer, Inc. Securities Litigation,* 286 F. Supp. 2d 46 (D. Mass. 2003).

- *In re Initial Public Offering Securities Litigation,* 241 F. Supp. 2d 281 (S.D.N.Y. 2003).

- *In re Comdisco Securities Litigation,* No. 01 C 2110, 2003 U.S. Dist. LEXIS 5047 (N.D. Ill. Mar. 31, 2003).

- *City Partnership Co. v. Cable TV Fund* 14-B, 213 F.R.D. 576 (D. Colo. 2002).

33

Wolf
Haldenstein
Adler Freeman
& Herz LLP



- *In re Allaire Corporation Securities Litigation,* Docket No. 00-11972 - WGY, 2002 U.S. Dist. LEXIS 18143 (D. Mass., Sept. 27, 2002).

- *In re StarLink Corn Products Liability Litigation,* 212 F.Supp.2d 828 (N.D. Ill. 2002)

- *In re Comdisco Securities Litigation,* 166 F.Supp.2d 1260 (N.D. Ill. 2001).

- *In re Crossroads Systems, Inc. Securities Litigation,* Master File No. A-00-CA-457 JN, 2001 U.S. Dist. LEXIS 14780 (W.D. Tx. Aug. 15, 2001).

- *In re MicroStrategy, Inc. Securities Litigation,* 150 F. Supp. 2d 896 (E.D. Va. 2001).

- *Lindelow v. Hill,* No. 00 C 3727, 2001 U.S. Dist. LEXIS 10301 (N.D. Ill. July 19, 2001).

- *In re MicroStrategy, Inc. Securities Litigation,* 148 F. Supp. 2d 654 (E.D. Va. 2001).

- *Jeffries v. Pension Trust Fund of the Pension, Hospitalization & Benefit Plan of the Electrical Industry,* 172 F. Supp. 2d 389 (S.D.N.Y. 2001).

- *Carney v. Cambridge Technology Partners, Inc.,* 135 F. Supp. 2d 235 (D. Mass. 2001).

- *Weltz v. Lee,* 199 F.R.D. 129 (S.D.N.Y. 2001).

- *Schoers v. Pfizer, Inc.,* 00 Civ. 6121, 2001 U.S. Dist. LEXIS 511 (S.D.N.Y. Jan. 23, 2001).

- *Kurzweil v. Philip Morris Cos.,* 94 Civ. 2373 (MBM), 2001 U.S. Dist. LEXIS 83 (S.D.N.Y. Jan. 9, 2001).

- *Goldberger v. Bear, Stearns & Co.,* 98 Civ. 8677 (JSM), 2000 U.S. Dist. LEXIS 18714 (S.D.N.Y. Dec. 28, 2000).

- *In re Newell Rubbermaid, Inc., Securities Litigation,* Case No. 99 C 6853, 2000 U.S. Dist. LEXIS 15190 (N.D. Ill. Oct. 2, 2000).

- *Stanley v. Safeskin Corp.,* Case No. 99 CV 454 BTM (LSP), 2000 U.S. Dist. LEXIS 14100, Fed. Sec. L. Rep. (CCH) P91, 221 (S.D. Cal. Sept. 18, 2000).

Wolf
Haldenstein
Adler Freeman
& Herz LLP



- *In re MicroStrategy, Inc. Securities Litigation,* 115 F. Supp. 2d 620 (E.D. Va. 2000).

- *In re USA Talks.com, Inc. Securities Litigation,* 2000 U.S. Dist. LEXIS 14823, Fed. Sec. L. Rep. (CCH) P91, 231 (S.D. Cal. Sept. 14, 2000).

- *In re Sotheby's Holdings, Inc. Securities Litigation,* 00 CIV. 1041 (DLC), 2000 U.S. Dist. LEXIS 12504, Fed. Sec. L. Rep. (CCH) P91, 059 (S.D.N.Y. Aug. 31, 2000).

- *Dumont v. Charles Schwab & Co., Inc.,* Civil Action No. 99-2840 2000 U.S. Dist. LEXIS 10906 (E.D. La. July 21, 2000).

- *Berger v. Compaq Computer Corp.,* Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21424 (S.D. Tex. July 17, 2000).

- *In re BankAmerica Corp. Securities Litigation,* 95 F. Supp. 2d 1044 (E.D. Mo. 2000).

- *In re Carnegie International Corp. Securities Litigation,* 107 F. Supp. 2d 676 (D. Md. 2000).

- *Berger v. Compaq Computer Corp.,* Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21423 (S.D. Tex. Mar. 13, 2000).

- *In re Imperial Credit Industries Securities Litigation,* CV 98-8842 SVW, 2000 U.S. Dist. LEXIS 2340 (C.D.Cal. Feb. 23, 2000).

- *Sturm v. Marriott Marquis Corp.,* 85 F. Supp. 2d 1356 (N.D. Ga. 2000).

- *In re Health Management Systems Securities Litigation,* 82 F. Supp. 2d 227 (S.D.N.Y. 2000).

- *Dumont v. Charles Schwab & Co., Inc.,* Civil Action No. 99-2840, 2000 U.S. Dist. LEXIS 619 (E.D. La. Jan. 19, 2000).

- *In re MicroStrategy, Inc. Securities Litigation,* 110 F. Supp. 2d 427 (E.D. Va. 2000).

- *In re BankAmerica Corp. Securities Litigation,* 78 F. Supp. 2d 976 (E.D. Mo. 1999).

Wolf
Haldenstein
Adler Freeman
& Herz LLP



- *Kurzweil v. Philip Morris Cos.,* 94 Civ. 2373 (MBM), 1999 U.S. Dist. LEXIS 18378 (S.D.N.Y. Nov. 24, 1999).

- *In re Nanophase Technologies Corp. Litigation,* 98 C 3450, 1999 U.S. Dist. LEXIS 16171 (N.D. Ill. Sept. 27, 1999).

- *In re Clearly Canadian Securities Litigation,* File No. C-93-1037-VRW, 1999 U.S. Dist. LEXIS 14273 Cal. Sept. 7, 1999).

- *Yuan v. Bayard Drilling Technologies, Inc.,* 96 F. Supp. 2d 1259 (W.D. Okla. 1999).

- *In re Spyglass, Inc. Securities Litigation,* No. 99 C 512, 1999 U.S. Dist. LEXIS 11382 (N.D. Ill. July 20, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11595 (N.D.Ga. June 30, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11596 (N.D. Ga. June 30, 1999).

- *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.,* 98 CV 3287, 1999 U.S. Dist. LEXIS 11363 (E.D.N.Y. June 1, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 1368, Fed. Sec. L. Rep. (CCH) P90, 429 (N.D. Ga. Jan. 19, 1999).

- *Longman v. Food Lion, Inc.,* 186 F.R.D. 331 (M.D.N.C. 1999).

- *Walsingham v. Biocontrol Technology, Inc.,* 66 F. Supp. 2d 669 (W.D. Pa. 1998).

- *Sturm v. Marriott Marquis Corp.,* 26 F. Supp. 2d 1358 (N.D. Ga. 1998).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 27 F. Supp. 2d 1324 (N.D. Ga. 1998).

- *In re MobileMedia Securities Litigation,* 28 F.Supp.2d 901 (D.N.J. 1998).

- *Weikel v. Tower Semiconductor, Ltd.,* 183 F.R.D. 377 (D.N.J. 1998).

Wolf
Haldenstein
Adler Freeman
& Herz LLP

- *In re Health Management Systems Securities Litigation,* 97 Civ. 1865 (HB), 1998 U.S. Dist. LEXIS 8061 (S.D.N.Y. May 27, 1998).

- *In re Painewebber Ltd. Partnership Litigation,* 999 F. Supp. 719 (S.D.N.Y. 1998).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 1:97-cv-3183-TWT, 1998 U.S. Dist. LEXIS 23222 (N.D. Ga. Feb. 10, 1998).

- *In re TCW/DW North American Government Income Trust Securities Litigation*, 95 Civ. 0167 (PKL), 1997 U.S. Dist. LEXIS 18485 (S.D.N.Y. Nov. 20, 1997).

- *Wright v. Ernst & Young, LLP,* 97 Civ. 2189 (SAS), 1997 U.S. Dist. LEXIS 13630 (S.D.N.Y. Sept. 9, 1997).

- *Felzen v. Andreas,* No. 95-2279, 1997 U.S. Dist. LEXIS 23646 (C.D. Ill. July 7, 1997).

- *Felzen v. Andreas,* No. 95-2279, 1997 U.S. Dist. LEXIS 23647 (C.D. Ill. July 7, 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.,* 964 F. Supp. 147 (S.D.N.Y. 1997).

- *Kurzweil v. Philip Morris Companies,* 94 Civ. 2373 (MBM), 1997 U.S. Dist. LEXIS 4451 (S.D.N.Y. April 8, 1997).

- *Bobrow v. Mobilmedia, Inc.,* Civil Action No. 96-4715, 1997 U.S. Dist. LEXIS 23806 (D.N.J. March 31, 1997).

- *Kalodner v. Michaels Stores, Inc.,* 172 F.R.D. 200 (N.D.Tex. 1997).

- *In re Painewebber Ltd. Partnerships Litigation,* 171 F.R.D. 104 (S.D.N.Y. 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.,* 95 Civ. 8422 (LAK), 1997 U.S. Dist. LEXIS 1226 (S.D.N.Y. Feb. 7, 1997).

- *Dresner Co. Profit Sharing Plan v. First Fidelity Bank, N.A.,* 95 Civ. 1924 (MBM), 1996 U.S. Dist. LEXIS 17913 (S.D.N.Y. Dec. 3, 1996).



Wolf
Haldenstein
Adler Freeman
& Herz LLP

- *Simon v. American Power Conversion Corp.*, 945 F. Supp. 416 (D.R.I. 1996).

- *TII Industries, Inc.*, 96 Civ. 4412 (SAS), 1996 U.S. Dist. LEXIS 14466 (S.D.N.Y. Oct. 1, 1996).

- *In re TCW/DW North American Government Income Trust Securities Litigation,* 941 F. Supp. 326 (S.D.N.Y. Oct. 1, 1996).

- *In re Painewebber Ltd. Partnership Litigation,* 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 9195 (S.D.N.Y. June 28, 1996).

- *In re Tricord Systems, Inc., Securities Litigation,* Civil No. 3-94-746, 1996 U.S. Dist. LEXIS 20943 (D. Minn. April 5, 1996).

- *In re Painewebber Limited Partnership Litigation,* 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 1265 (S.D.N.Y. Feb. 6, 1996).

- *Zitin v. Turley,* [1991 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 96,123 (D. Ariz. June 20, 1994).

- In re Southeast Hotel Properties Limited Partnership Investor Litigation, 151 F.R.D. 597 (W.D.N.C. 1993).

## State Court Opinions

- *In re Tyson Foods, Inc., Consolidated Shareholder Litigation,* 919 A. 2d 563 (Del. Ch. 2007).

- *Naevus Int'l v. AT&T Corp.,* 283 A.D.2d 171, 724 N.Y.S.2d 721 (2001).

- *Paramount Communications, Inc. v. QVC Network, Inc.,* 637 A.2d 34 (Del. Super. Ct. 1994).

- *In re Western National Corp. Shareholders Litigation,* Consolidated C.A. No. 15927, 2000 Del. Ch. LEXIS 82 (May 22, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation,* C.A. No. 14634, 2000 Del. Ch. LEXIS 90 (May 5, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation,* Consolidated C.A. No. 14634, 2000 Del. Ch. LEXIS 10 (Jan. 27, 2000).



Wolf
Haldenstein
Adler Freeman
& Herz LLP



- *In re Marriott Hotels Properties II Limited Partnership Unitholders Litigation,* Consolidated C.A. No. 14961, 2000 Del. Ch. LEXIS 17 (Jan. 24, 2000).

- *Romig v. Jefferson-Pilot Life Insurance Company,* 132 N.C. App. 682, 513 S.E.2d 598 (Ct. App. 1999), aff'd, 351 N.C. 349, 524 S.E.2d 804 (N.C.S. Ct. 2000).

- *Wallace v. Wood,* 752 A.2d 1175 (Del. Ch. 1999).

- *Greenwald v. Batterson,* C.A. No. 16475, 1999 Del. Ch. LEXIS 158 (July 26, 1999).

- *Brown v. Perrette,* Civil Action No. 13531, 1999 Del. Ch. LEXIS 92 (May 18, 1999).

- *In re Cencom Cable Income Partners, L.P. Litigation,* C.A. No. 14634, 1997 Del. Ch. LEXIS 146 (Oct. 15, 1997).

- *In re Marriott Hotel Properties II Limited Partnership Unitholders Litigation,* Consolidated C.A. No. 14961, 1997 Del. Ch. LEXIS 128 (Sept. 17, 1997).

- *In re Cheyenne Software Shareholders Litigation,* Consolidated C.A. No. 14941, 1996 Del. Ch. LEXIS 142 (Nov. 7, 1996).

- *Seinfeld v. Robinson,* 246 A.D.2d 291, 676 N.Y.S.2d 579 (N.Y. 1998).

- *Werner v. Alexander,* 130 N.C. App. 435, 502 S.E.2d 897 (N.C. Ct. App. 1998).

### NON-DISCRIMINATION POLICIES

Wolf Haldenstein does not discriminate or tolerate harassment against any employee or applicant because of race, creed, color, national origin, sex, age, disability, marital status, sexual orientation, or alienage or citizenship status and designs its hiring practices to ensure that minority group members and women are afforded equal employment opportunities without discrimination.  The Firm is in compliance with all applicable Federal, State, County, and City equal employment opportunity laws.

Wolf Haldenstein is proud of its long history of support for the rights of, and employment opportunities for, women, the disadvantaged, and



minority group persons, including the participation in civil rights and voter registration activities in the South in the early 1960's by partners of the Firm; the part-time employment of disadvantaged youth through various public school programs; the varied *pro bono* activities performed by many of the Firm's lawyers; the employment of many women and minority group persons in various capacities at the Firm, including at the partner level; the hiring of ex-offenders in supported job training programs; and the use of minority and women-owned businesses to provide services and supplies to the Firm.

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 MADISON AVENUE
NEW YORK, NY 10016
Telephone: 212-545-4600
Telecopier: 212-545-4653
WWW.WHAFH.COM

SYMPHONY TOWERS
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
Telephone:  619-239-4599
Telecopier: 619-234-4599

55 WEST MONROE STREET
SUITE 1111
CHICAGO, IL 60603
Telephone: 312-984-0000
Telecopier: 312-984-0001

625 NORTH FLAGLER DRIVE
WEST PALM BEACH, FL 33401
Telephone:  561-833-1776