**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROSE HANSEN, individually and on Behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　　vs.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br>　　　　　　　Defendants. | Civil Action No.: 1:08-cv-5320-NRB |
| TODD A. WRIGHT, Individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　　vs.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br>　　　　　　　Defendants. | Civil Action No.: 1:08-cv-5324-DC |
| DENISE A. TUTTLE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　　vs.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br>　　　　　　　Defendants. | Civil Action No.: 1:08-cv-5578-DC |

| | |
|---|---|
| ROBERT M. COMINSKY, Individually and on behalf of The Wachovia Savings Plan and all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br>    Defendants. | Civil Action No.: 1:08-cv-5990-UA |
| JASON T. WILLARD, On Behalf of Himself And All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br>    Defendants. | Civil Action No.: 1:08-cv-6196-UA |
| MICHAEL WELCH, Individually And On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>WACHOVIA CORPORATION, ET AL.,<br><br>    Defendants. | Civil Action No.: 1:08-cv-6464 |

**MOTION FOR ENTRY OF PROPOSED ORDER
CONSOLIDATING THE ERISA ACTIONS AND
<u>APPOINTING INTERIM LEAD COUNSEL</u>**

Pursuant to Federal Rules of Civil Procedure 23(g) and 42(a), plaintiff Michael Welch ("Plaintiff"), through his undersigned counsel, respectfully moves this Court for entry of

- 1 -

Proposed Order (attached hereto), consolidating the above-captioned actions and appointing Harwood Feffer LLP ("Harwood Feffer") as Interim Lead Counsel, and in support of his motion, avers as follows:

1. On July 18, 2008, Plaintiff filed a complaint, individually and on behalf of a class of similarly situated participants in and beneficiaries of the Wachovia Savings Plan (the "Plan"), a defined contribution plan established as a benefit for Wachovia employees, against Wachovia Corporation ("Wachovia" or the "Company") and certain officers and directors of the Company, as well as other fiduciaries of the Plan.[1]

2. Plaintiff brought this action pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132, against fiduciaries of the Plan who are and were responsible for the investment of the Plan's assets and the administration of the Plan during the Class Period.

3. In his complaint, Plaintiff alleges that the defendants breached their fiduciary duties to Plaintiff and the other members of the Class in connection with the Plan's investment in Wachovia stock, including, *inter alia*, by:

- Selecting and maintaining Wachovia common stock as an investment alternative under the Plan and permitting the Plan to buy and hold shares of Wachovia common stock during the Class Period when it was an imprudent investment;

- Encouraging Wachovia employees to invest in Wachovia common stock;

---

[1] Plaintiff brought this action on behalf of himself and the following class of persons similarly situated (the "Class"):

> All persons who were participants in or beneficiaries of the Plan at any time between January 23, 2007, and the present (the "Class Period"), and whose accounts included investments in Wachovia Stock.

- Continuing to invest the Company Match component of the Plan in Wachovia common stock and failing to divest the Plan from shares of Wachovia stock when continuing to do so became imprudent as a result of Wachovia's over exposure to a deteriorating housing market;

- Abdicating their continuing duty to review, evaluate and monitor the suitability of the Plan's investment in Wachovia common stock; and

- Failing to provide accurate, material information to Participants about Wachovia's risks, losses, and exposure to the subprime lending meltdown, necessary to enable Participants to make informed investment decisions concerning their contributions invested in Wachovia common stock.

4. Plaintiff seeks relief pursuant to Sections 409 and 502(a)(2) and (3) of the Employee Retirement Income Security Act, 29 U.S.C. §§ 409 and 1132(a)(2) and (3), on behalf of the Plan, alleging, *inter alia*, that the defendants are responsible for restoring losses sustained by the Plan as a result of the defendants' breaches of their fiduciary duties.

5. To the best of Plaintiff's knowledge, the following actions (collectively referred to herein as the "ERISA Actions") have also been filed in this District, alleging similar causes of action and seeking similar relief under ERISA:

- *Hansen v. Wachovia Corporation, et al.,* Civil Action No.: 1:08-cv-5320-NRB
- *Wright v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-05324-DC
- *Tuttle v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-5578-DC
- *Cominsky, et al., v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-05990-UA
- *Jason T. Willard v. Wachovia Corporation, et al.*, Civil Action No.: 1:08-cv-6196-UA

6. Because the ERISA Actions contain similar allegations and seek similar relief on

behalf of an identical class, and it is likely that additional similar actions may be filed, it is appropriate, in accordance with Rules 23(g) and 42(a) of the Federal Rules of Civil Procedure, and the *Manual for Complex Litigation*, *Fourth Edition* (2004) (the "*Manual*"), for the Court to enter an Order setting forth procedures for the efficient management of these cases, and appointing a leadership structure of Interim Lead Counsel.

7.   In accordance with the recommendations of Rules 23(g) and 42(a) and the *Manual*, Plaintiff submits for the Court's consideration a proposed form of the Proposed Order, providing for: (1) the consolidation of the above-captioned actions, and actions subsequently filed in or transferred to this District; (2) the designation of a Master File Docket number; (3) the establishment of efficient procedures for the filing and docketing of papers with the Clerk of this Court; (4) entry of a preliminary schedule for these proceedings; and (5) the appointment of Harwood Feffer as Interim Lead Counsel.

8.   This Motion is based on the enclosed Proposed Order, the accompanying Memorandum of Law, Declaration of Jeffrey M. Norton, and all papers and pleadings in the above-captioned actions.

Dated: July 24, 2008

                                                **HARWOOD FEFFER LLP**

                                                  **s/ Jeffrey M. Norton**
Robert I. Harwood (RH-3286)
Jeffrey M. Norton (JN-4827)
Roy Shimon (RS-7521)
488 Madison Ave., 8th Floor
New York, New York 10022
Tel: (212) 935-7400
Fax: (212) 753-3630

*Proposed Interim Lead Counsel*

- 4 -

- 5 -

GLANCY BINKOW & GOLDBERG LLP
Michael Goldberg, Esq.
Richard A. Maniskas, Esq.
1801 Avenue of The Stars, Suite 311
Los Angeles, CA 90067
Tel: (310) 201-9150
Fax: (310) 201-9160

*Counsel for Plaintiff*